APPEAL COURT BRIEF

BRIEF OF THE APPELLANT

EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

SUFFOLK, SS                                    NO. 2003-P-1147

COMMONWEALTH
PLAINTIFF / APPELLEE

V.

WILLIAM SANTIAGO
DEFENDANT / APPELLANT

ON APPEAL FROM A JUDGMENT AND ORDER OF THE
CHELSEA DISTRICT COURT OF SUFFOLK COUNTY

BRIEF FOR THE APPELLANT

Dated: _10_/_23_/_03_

Respectfully submitted,

William Santiago

P. O. Box 8000
Shirley,  MA.
01464

TABLE OF AUTHRITIES

Burns v. Commonwealth
430 Mass. 444 (1999) ............................................... 6

[illegible]
356 Mass. 351 (1969) .............................................. 4

Com. v. Demarco
387 Mass 837 (1982) .............................................. 7

Com. v. Duquette
386 Mass 837 (1982) ........................................... 5, 6

Com. v. Fanelli
[illegible] (1992) ............................................... 7

Com. v. Gonzales
43 Mass.App.Ct. 926  (1997) ...................................... 3

Com. v. Grant
426 MAss. 667  (1998) ......................................... 3, 4

Com. v. Hilaire
51 Mass.App.Ct. 818  (2001) ...................................... 5

Com. v. Jackson
45 Mass.App.Ct. 666 (1998) ....................................... 5

Com. v. Lewis
399 Mass. 761  (1987) ............................................ 6

Com. v. Lopez
426 Mass 657  (1998) ............................................. 7

Com. v. Mele
20 Mass.App.Ct. 958 (1985) ....................................... 6

Com. v. Moore
408 Mass. 117  (1990) ............................................ 6

Com. v. Nolin
373 Mass. 45  (1977) ............................................. 7

Com. v. Nydam
21 Mass.App.Ct. 66  (1994) ....................................... 3

Com v. Russell
37 Mass.App.Ct. 152  (1994) ...................................... 6

-ii -

# COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss

Chelsea District Court
Docket # 91 cr 3699
91 cr 3700
Def. Warr. 9114 sp 155

A. Santiago

Vs.

Wm. Santiago

## NOTICE OF STIPULATION OF DISMISSAL

I Arlene Santiago, the plaintiff, respectfully moves, pursuant to Mass. Rule Civil Procedure 41(a), that the above-entitled matter be dismissed based on I no longer have interest in pursuing this matter.

I, the defendant Wm. Santiago respectfully moves pursuant to Mass. Rule Civil Procedure 41(a), that the above-entitled matter be dismissed. I also have no interest in pursuing the matter.

Signed under the pains and penalty of perjury this 16th day of April, 1994,

Arlene Santiago

William Santiago

12

12

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss                                Chelsea ........ C.....
                                           No.9114 CR 3699, 3700
                                               8714 CR 2106

Commonwealth

v.

William Santiago

DEFENDANT'S MOTION FOR A NEW TRIAL PURSUANT TO RULE
30 (b) OF THE MASSACHUSETTS RULES OF CRIMINAL PROCEDURES

Now comes the defendant, William Santiago, and moves that
this Honorable Court grant him a new trial pursuant to Rule
30 (b) of the Massachusetts Rule of Criminal Procedure.

The grounds for this motion are set out in more detail
in the attached.

Dated: *December 9, 2002*

12/16/02. *Denied without*                Respectfully submitted,
*further hearing. There is no*            *William Santiago*
*basis to overcome the presumption*       William Santiago, pro se
*of regularity in these old proceedings,* P.O. Box 8000
*and this motion was not timely filed.*   Shirley, MA.   01464
            *T H Bailey. J.*

14                                                        14

SUPREME JUDICIAL COURT

NOTICE OF DENIAL

EXHIBIT E

# Supreme Judicial Court for the Commonwealth of Massachusetts
One Beacon Street, Third Floor, Boston, Massachusetts 02108
(617) 557-1020

William Santiago
Souza Baranowski Corr. Center
P.O. Box 8000    (W55337)
Shirley, MA 01464

RE:  Docket No. DAR-14164

**COMMONWEALTH**
vs.
**WILLIAM SANTIAGO**

Chelsea District, SU No. 8714CR2106  9114CR3699 & 9114CR3700

A.C. No. 2003-P-1147

NOTICE OF DENIAL OF F.A.R. APPLICATION

Please take note that on 06/30/04, the above-captioned Application for Further Appellate Review was denied.

Susan Mellen, Clerk

Dated: June 30, 2004

To:  Rami M. Vanegas, A.D.A.
     William Santiago

# Commonwealth of Massachusetts

### Appeals Court for the Commonwealth

#### At Boston,

In the case no. 03-P-1147

COMMONWEALTH

*vs.*

WILLIAM SANTIAGO.

Pending in the Chelsea District

Court for the County of Suffolk

Ordered, that the following entry be made in the docket:

Order denying motion for
new trial affirmed.

Order denying motion for
appointment of counsel
affirmed.

By the Court,

_____ ,Clerk

Date    May 20, 2004

NOTE:
The original of the within rescript
will issue in due course pursuant
to M.R.A.P.23
APPEALS COURT

The charges in the 1987 case were dismissed without a guilty finding ever having entered. A finding of sufficient facts is not an appealable order. See Commonwealth v. Walsh, 43 Mass. App. Ct. 224 (1997). Although an order of dismissal is appealable, it is not the order appealed from, nor is the defendant aggrieved thereby. The dismissal of the charges also renders moot any defects in the underlying proceedings. See Burns v. Commonwealth, 430 Mass. 444, 447 (1999).

The charges in the 1989 cases were placed on file without a change of plea. Preliminarily, we observe that where a complaint is filed with the defendant's consent, the disposition is not appealable. See Commonwealth v. Sasu, 404 Mass. 596, 598 (1989). The defendant's affidavit in support of his new trial motion makes no claim that the charges were filed without his consent or that it was error to do so. Moreover, the defendant has failed to submit evidence sufficient to rebut the presumption of regularity accorded to these proceedings. See Commonwealth v. Lopez, 426 Mass. 657, 661-665 (1998); Commonwealth v. Grant, 426 Mass. 667, 671 (1998). Finally, the defendant has made no

seeks at this juncture.

On this record, the judge did not abuse his discretion in refusing to appoint counsel for the defendant to pursue his new trial motion. See Commonwealth v. Conceicao, 388 Mass. 255, 263

4

COURT DIVISION
Chelsea

NAME, ADDRESS AND ZIP CODE OF DEFENDANT

William Santiago
52 HawthornStreet
Chelsea Mass.

DEF. DOB
3/11/68

OFFENSE CODE(S)
401,400

DATE OF OFFENSE
5/18/87

PLACE OF OFFENSE

COMPLAINANT
James O'Brien

POLICE DEPARTMENT
Chelsea

DATE OF COMPLAINT
5/18/87

RETURN DATE AND TIME
Arrest

| | TERMS OF RELEASE | |
|---|---|---|
| DATE 5-18-87 | ☑ Arraigned before J. | RAS |
| | ☑ Advised of right to counsel | |
| | ☐ Advised of right to drug exam | |
| | ☐ Advised of right to bail review | |
| | ☐ Advised of right to F.I. Jury Trial | |
| | ☐ Waives    ☐ Requests F.I. Jury Trial | |
| | ☐ Warrant iss. ☑ (warrant issued) | |
| 1-26-88 | ☑ Default removed    ☑ Warrant recalled | |
| | ☐ Warrant issued    ☐ Default warrant issued | |
| | ☐ Default removed    ☐ Warrant recalled | |

| FINE | SURFINE | COSTS 50 | TOTAL DUE |
|---|---|---|---|

COUNT-OFFENSE
**A.DISORDERLY PERSON C272 S53**

| | PLEA | |
|---|---|---|
| DATE 5-18-87 12-16-87 | ☑ Not Guilty  ☐ Guilty  ☐ Nolo | |
| | ☐ New Plea:    ☑ Admits suff. facts | |
| | FINDING 72½    JUDGE RDM | |

IMPRISONMENT AND OTHER DISPOSITION

6884A068  01/27/88 00ST

☐ Cont. w/o finding until:

☐ Appeal of find. & disp.    ☐ Appeal of disp.

FINAL DISPOSITION
☐ Discharged from probation
☐ Dismissed at request of probation

DATE

| FINE | SURFINE 25/w | COSTS 50 | TOTAL DUE |
|---|---|---|---|

COUNT-OFFENSE
**B.AFFRAY,  COMMON LAW**

| | PLEA | |
|---|---|---|
| DATE 5-18-87 12-16-87 | ☑ Not Guilty  ☐ Guilty  ☐ Nolo | |
| | ☐ New Plea:    ☑ Admits suff. facts | |
| | FINDING 72½    JUDGE RDM | |

IMPRISONMENT AND OTHER DISPOSITION

6884A068  01/27/88 00ST    50.0
6884A068  01/27/88 00WAF    25.0

☐ Cont. w/o finding until:

☐ Appeal of find. & disp.    ☐ Appeal of disp.

FINAL DISPOSITION
☐ Discharged from probation
☑ Dismissed at request of probation

DATE

| FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|

COUNT-OFFENSE

| | PLEA | |
|---|---|---|
| DATE | ☐ Not Guilty  ☐ Guilty  ☐ Nolo | |
| | ☐ New Plea:    ☐ Admits suff. facts | |
| | FINDING    JUDGE | |

IMPRISONMENT AND OTHER DISPOSITION

FINAL DISPOSITION
☐ Discharged from probation
☐ Dismissed at request of probation

DATE

COUNT-OFFENSE

| | PLEA | |
|---|---|---|
| DATE | ☐ Not Guilty  ☐ Guilty  ☐ Nolo | |
| | ☐ New Plea:    ☐ Admits suff. facts | |
| | FINDING    JUDGE | |

IMPRISONMENT AND OTHER DIS

6

☐ Cont. w/o finding until:
☐ Appeal of find. & disp.    ☐ Appeal of disp.

FINAL DISPOSITION
☐ Discharged from probation
☐ Dismissed at request of probation

| CONT. TO | PLACES | CONT. TO | PURPOSE | DATE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|
| 7-23-87 | 1 | | | | | | |
| 10-9-87 | 1 | | | | | | |
| 12-16-87 | | | | | | | |
| 1-30-88 | Pay | | | | | | |

| COURT DIVISION | NAME, ADDRESS AND ZIP CODE OF DEFENDANT | Waived |
| --- | --- | --- |
| CHELSEA | | [] Retained   [] Assigned _Dismiss_ |

William Santiago
C/O Jean's West
Assembly Square Mall
133 Middlesex Avenue
Somerville MA 02145

TERMS OF RELEASE:

| | DATE | PROCEEDING |
| --- | --- | --- |
| | OCT 2 6 199 | [] Arraigned before J |
| | | [] Advised of right to counsel |
| | | [] Advised of right to drug exam |
| | | [] Advised of right to bail review |
| | | [] Advised of right to F.I. Jury Trial |
| | | Waives   Requests F.I. Jury Trial |
| | | [] Advised of alien rights |

DATE OF DOB AND SEX

OFFENSE CODE(S): 605

DATE OF OFFENSE: /4/91

52 Hawthorne Street, Chelsea

| COMPLAINANT | POLICE DEPARTMENT (if applicable) | | |
| --- | --- | --- | --- |
| Arlene Santiago | Chelsea | 10-4-91 | [] Warrant issued [] Default warrant issued |
| | | OCT 26 1994 | [] Default removed [] Warrant recalled |

DATE OF COMPLAINT: /5/91 H.

RETURN DATE AND TIME: 10/4/91 8:30 A.M.

| | [] Warrant issued [] Default warrant issued |
| --- | --- |
| | [] Default removed [] Warrant recalled |

COUNT-OFFENSE

A. ASSAULT AND BATTERY C265 S13A

| FINE | SURFINE | COSTS | TOTAL DUE |
| --- | --- | --- | --- |

DATE: NOV 2 6 1994

PLEA: [] Not Guilty  [] Guilty  [] Nolo
[] New Plea   [] Admits suff. facts

FINDING                JUDGE

IMPRISONMENT AND OTHER DISPOSITION

OCT 26 1994

Nt Filed c/o Change of Plea

| | DATE |
| --- | --- |

[] Cont. w/o finding until:

FINAL DISPOSITION
[] Discharged from probation
[] Dismissed at request of probation

[] Appeal of find. & disp.   [] Appeal of disp.

COUNT-OFFENSE

| | | FINE | SURFINE | COSTS | TOTAL DUE |
| --- | --- | --- | --- | --- | --- |

DATE

PLEA: [] Not Guilty  [] Guilty  [] Nolo
[] New Plea   [] Admits suff. facts

FINDING                JUDGE

IMPRISONMENT AND OTHER DISPOSITION

[] Cont. w/o finding until:

FINAL DISPOSITION
[] Discharged from probation
[] Dismissed at request of probation

| | DATE |
| --- | --- |

[] Appeal of find. & disp.   [] Appeal of disp.

COUNT-OFFENSE

| | | FINE | SURFINE | COSTS | TOTAL DUE |
| --- | --- | --- | --- | --- | --- |

DATE

PLEA: [] Not Guilty  [] Guilty  [] Nolo
[] New Plea:   [] Admits suff. facts

FINDING                JUDGE

IMPRISONMENT AND OTHER DISPOSITION

[] Cont. w/o finding until:

[] Appeal of find. & disp.   Appeal of disp.

COUNT-OFFENSE

| | | FINE | SURFINE | COSTS | TOTAL DUE |
| --- | --- | --- | --- | --- | --- |

DATE

PLEA: [] Not Guilty  [] Guilty  [] Nolo
[] New Plea:   [] Admits suff. facts

FINDING                JUDGE

IMPRISONMENT AND OTHER DISPOSITION

8

[] Cont. w/o finding until:

FINAL DISPOSITION
[] Discharge
[] Dismissed

| | DATE |
| --- | --- |

[] Appeal of find. & disp.   Appeal

| CONT. TO | PURPOSE | CONT. TO | PURPOSE | | TRIP NO. | STAFF | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 10-26-04 | HABE | | | REV 5 | 603 | 350 | 600 |
| | | | | | | | |
| 10-3-08 | Mot () | | Shirley / Sheet | | | | |
| 11-3-94 | HABE | | | | | | |

COURT DIVISION
CHELSEA

NAME, ADDRESS AND ZIP CODE OF DEFENDANT

William Santiago
C/O Jean's West
Assembly Square Mall
133 Middlesex Avenue
Somerville MA 02145

| | | |
|---|---|---|
| [ ] Waived | | |
| [ ] Retained | | |
| Unassigned | | |

TERMS OF RELEASE

| DATE | PROCEEDING |
|---|---|
| OCT 26 1994 | [ ] Arraigned before J. |
| | [ ] Advised of right to counsel |
| | [ ] Advised of right to drug exam |
| | [ ] Advised of right to bail review |
| | [ ] Advised of right to Ft. Jury Trial |
| | [ ] Waives    [ ] Requests Ft. Jury Trial |
| | [ ] Advised of alien rights |

OFF. DOB AND SEX

OFFENSE CODE(S)
509,643

DATE OF CASE
8/4/91

PLACE OF OFFENSE
52 Hawthorne St. Chelsea

COMPLAINANT
Bruce D. Imbacuan

POLICE DEPARTMENT (if applicable)
Chelsea

| 10-4-91 | |
|---|---|
| OCT 26 1994 | X Warrant issued [ ] Default warrant issued |
| | [ ] Default removed    X Warrant recalled |
| | [ ] Warrant issued [ ] Default warrant issued |
| | [ ] Default removed    [ ] Warrant recalled |

DATE OF COMPLAINT
9/5/91 H.

RETURN DATE AND TIME
10/4/91 8:30 A.M.

| COUNT-OFFENSE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|
| A. MAL. DESTRUCTION OF PROP. UNDER $250 C266 S127 | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| OCT 26 1994 | [ ] Not Guilty  [ ] Guilty  [ ] Nolo | |
| | [ ] New Plea:        [ ] Admits suff. facts | |
| | FINDING              JUDGE | NP filed w/o change |
| OCT 26 1994 | | |
| | [ ] Cont. w/o finding until: | FINAL DISPOSITION        DATE |
| | [ ] Appeal of find. & disp.  [ ] Appeal of disp. | [ ] Discharged from probation  [ ] Dismissed at request of probation |

| COUNT-OFFENSE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|
| B. THREATENING TO COMMIT A CRIME C275 S2 | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| OCT 26 1994 | [ ] Not Guilty  [ ] Guilty  [ ] Nolo | |
| | [ ] New Plea:        [ ] Admits suff. facts | |
| | FINDING              JUDGE | NP filed w/o change |
| OCT 26 1994 | | |
| | [ ] Cont. w/o finding until: | FINAL DISPOSITION        DATE |
| | [ ] Appeal of find. & disp.  [ ] Appeal of disp. | [ ] Discharged from probation  [ ] Dismissed at request of probation |

| COUNT OFFENSE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|
| | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | [ ] Not Guilty  [ ] Guilty  [ ] Nolo | |
| | [ ] New Plea:        [ ] Admits suff. facts | |
| | FINDING              JUDGE | |
| | [ ] Appeal of find. & disp.  Appeal of disp. | Dismissed at request of probation |

| COUNT-OFFENSE | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|
| | | | | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | [ ] Not Guilty  [ ] Guilty  [ ] Nolo | |
| | [ ] New Plea:        [ ] Admits suff. facts | |
| | FINDING              JUDGE | |
| | [ ] Cont. w/o finding until: | FINAL DIS  [ ] Disch        DATE |

10

| CONT. TO | PURPOSE | CONT. TO | | | START | STOP |
|---|---|---|---|---|---|---|
| 10-26-94 WABE | | | | 663 | 330 | 500 |
| Date Change | | | | | | |
| 10-26-94 | | | | | | |
| 10-28-02 | Dot(?) | | | | | |

Chelsea District Court
120 Broadway
Chelsea, MA.  02150

12 / 30 / 62

Re:   Com. v. William Santiago
      Docket #: 9114 CR 3699, and 3700 / 8714 CR 2106


    Clerk Magistrate:


        Enclosed for filing please find the following documents:


        1.  Notice of Appeal

        2.  Certificate of Service


        Please send me two updated certified copies of the
    above-mentioned docket entrie sheet for appellate purposes.
    Thank you.


                                    Sincerely,

                                    William Santiago  12/30/02

                                    William Santiago, pro se

                                    C1464

    cc: file

        Rose Mary Daly A.D.A.

SUPREME JUDICIAL COURT

APPLICATION FOR FURTHER APPELLATE REVIEW

EXHIBIT D

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK. SS.

S.J.C. NO. *FAR- 14164*

A.C. NO. 2003-P-1147

COMMONWEALTH
Plaintiff / Appellee

v.

WILLIAM SANTIAGO
Defendant / Appellant

## APPLICATION FOR FURTHER APPELLATE REVIEW

## OF THE

## DEFENDANT — APPELLANT

WILLIAM SANTIAGO, PRO SE
P.O. BOX 8000
SHIRLEY. MA.  01464

JUNE 1. 2004

MEMORANDUM IN SUPPORT OF APPELLANT'S
APPLICATION FOR FURTHER APPELLATE REVIEW

STATEMENT OF PRIOR PROCEEDINGS

On 12/9/02, appellant filed a motion for a New Trial
with exhibits. Affadavit in Support. Appointment of Counsel
and Certificate of Service in the Chelsea District Court.
Hereafter lower court.

On 12/16/02, the lower court denied appellant8s Motion
for a New Trial and stated that his Motion for Appointment
of COunsel was moot.

On 12/30/02, appellant filed his timely Notice of
Appeal .

On 8/28/03, the lower court issued it's Notice of
Assembly of Record.

On 10/23/03, appellant filed his brief and appendix
in the Appeals Court.

On 11/19/03, the Commonwealth filed its Motion under
Mass.R.A.P. 15 in lieu of a brief.

On 5/20/04, the Appeals COurt Denied appellant's appeal.

No rehearing was filed in the Appeals Court.

Appellant now files his application for review in
the Supreme Judicial Court.

2

ARGUMENT

I.   THERE WAS A BASIS TO OVERCOME THE PRESUMPTION OF
     REGULARITY IN THE CASES OF THE LOWER COURT.

     The lower court denied appellant's Motion for a New
Trial without a hearing and without giving the Assistant
District Attorney's Office the opportunity to respond to
the appellant's motion.

     Given the long delay in appellant's attack on his guilty
pleas , it's appropriate to accord the plea proceedings
a presumption of regularity.  Put another way the burden
fall on the appellant to pursuade the lower court that
he was without legal assistance at the time of the pleas.
Com v. Gonzales, 43 Mass.App.Ct. 926 (1997).

     Due to the unavailability of the original judge,
Assistant District Attorney and the destruction of the
court cassette tape because of the amount of time passed
the record could only be constructed by the docket entry
sheets and appellant's memory.

     The appellant has shown in his Motion for a New Trial
that he had basis that adequately supports a negation of
his conviction or at very least, warranted further inquiry
in the lower court as _Com v. Grant_, 426 Mass. 667, 67 ,
(1988).

     Appellant was inexperienced when it came to the district
court procedures.  Appellant had no awareness of the
mechanics of a trial.  He did not understand the

As stated in appellant's Reply Brief, the waiver submitted by the A.D.A. in his motion submitted to the Appeals Court.

Does not have a docket number referenced on it.  It does not have a date on it.  Nor is it signed by a judge, clerk or A.D.A. of the lower court.  It also does not contain the title of the case or the lower courts name and conty.

The waiver is not written or referenced in the docket entry sheets, submitted by the parties in this case.  *(Ex. 13)*.  There is also no mention of any colloquy ever given.

II.  THE CASES IN DOCKET NUMBERS 9114CR3699 AND 9114CR3700 WERE FILED WITHOUT APPELLANTS CONSENT.

In docket numbers 9114CR3699 (Assault and Battery) and 9114CR3700 (Malicious Destruction of Property and Threat to Commit a Crime).  These docket / cases were filed without appellant's consent and it was error for this court not to grant a new trial to correct the errors.

In appellant's Reply Brief, page 3, argument III, appellant argues that the cases were filed without his consent.  Appellant did not give verbal or written permission

Both the appellant and the then original complainant in the lower court had filed a joint affidavit / motion. Stating that both parties wanted to dismiss the criminal matter.  See supplemental appendix.  *(Ex. 12)*.

6

APPEAL COURT REPLY BRIEF

REPLY BRIEF OF THE APPELLANT

EXHIBIT C

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

SUFFOLK, SS                                    NO. 2003-P-1147

---

COMMONWEALTH
PLAINTIFF / APPELLEE

V.

WILLIAM SANTIAGO
DEFENDANT / APPELLANT

---

ON APPEAL FROM A JUDGMENT AND ORDER OF THE
CHELSEA DISTRICT COURT OF SUFFOLK COUNTY

---

REPLY BRIEF FOR THE APPELLANT

---

Dated:   NOVEMBER 2003

William Santiago

P. O. Box 8000
Shirley,  MA.
01464

ARGUMENT

I.   THE APPELLANT DID FILE A TIMELY NOTICE OF APPEAL
     ON DECEMBER 30. 2002.

The appellant did file a timely notice of appeal
on December 30. 2003.

To further this point, on August 30, 2003, the
Chelsea District Court sent the appellant a copy of
the previosly submitted Notice of Appeal and a copy
of the lower courts Notice of Assembly of Record on
Appeal.

The Notice of Assembly of Record on Appeal is
signed by the Clerk, Kevin Murphy, (Add 1). [1]/

He sent the appellant back a copy of the cover
page of his Notice of Appeal (Add 2).  Stamped with
the courts date stamp.  Being received by the lower
court  on December 31, 2002, 11:15 am.

The lower court also sent the appellant a copy
of the Notice of Appeal, notice (Add 3). Stamped with
the court's seal, stamped with the " A TRUE COPY ATTEST"
stamp and stamped with the Clerk's signature.

stamps previously mentioned (Add 4).

_____

[1]/
     References in this reply brief will be as follows:
     to the Addendum in this reply brief as (Add # ).

the lower courts' name and county.  The appellant's
signature on the Waiver, is not similar to the appellant's
signatures submitted to this court on his documents.

The Waiver is not written or referenced on any
of the submitted docket entry sheets submitted by either
party.  Nor is there any reference in the record of
any type of colloquy given.

III.  IN DOCKET NUMBERS 9114 CR 3699 AND 3700, THE CASES
     WERE FILED WITHOUT APPELLANT'S CONSENT.

Although appellant was represented by counsel.
Counsel was ineffective as previously stated in appellant's
brief at page 4 and 5.

Both the appellant and the alleged complainant
had wanted the charges to be dismissed.  They both had
filed a joint affadavit / motion stating so.  Which
can be seen in appellant's appendix, page 43, submitted
with his brief.

This strongly suggest that docket numbers 9114
CR 3699 and 3700 were filed without the appellant's

A.  ISSUES NOT MOOT.

The criminal cases are not dismissed.  They can
cause the appellant harm.  Such as giving the appellant
a much higher sentence in federal crimes, according
to federal sentencing guidelines.  See also state guidlines.

SUPPLEMENTAL APPENDIX

ISSUED PRESENTED

I.   WAS THERE A BASIS TO OVERCOME THE PRESUMPTION
     OF REGULARITY IN THE CASES OF THE LOWER COURT?      2

II.  WAS THE MOTION FOR NEW TRIAL TIMELY FILED?          7

III. WAS APPELLANT'S MOTION FOR APPOINTMENT OF COUNSEL
     MOOT?                                               7

for a new trial on dockets from the year of 1987 and
1991, in a pro se manner.

Ultimately the lower court did not give the Assistant
District Attorney's Office opportunity to respond to his
motion for a new trial.

The lower court judge, Timothy H. Gailey, denied
appellant's motions within days of receiving the motions.

The lower court denied appellant's motion for a new
trial on 12/16/02 by stating:

> " Denied without further hearing.  There is no
> basis to overcome the presumption of regularity
> in these old proceedings and this motion was not
> timely filed."  (RA 37)

The lower court also stated, his motion for appointment
of counsel was "moot".  (RA 36).

Appellant filed a timely notice of appeal.  Appealing
the lower courts decision of the denial and mootness.


                          ARGUMENT

I.   THERE WAS A BASIS TO OVERCOME THE PRESUMPTION OF
     REGULARITY IN THE CASES OF THE LOWER COURT.

The lower court denied appellant's motion for a new

trial stating there was no basis to overcome the presumption of

regularity. [2]

---

[2]   The motion for a new trial and supporting documents
      were mailed on 12/9/02. The lower court made it's
      decision on 12/6/02.  Three days for mailing process.
      Signifies the lower court actually took approx. four
      days in its decision.

Appellant was unrepresented by counsel in docket
# 198714 CR 2106.  The S.J.C. had stated in this matter
that:

> " ..... ation and consultation with counsel are
> significant factors in determining whether guilty
> plea and admission to sufficient facts forming basis
> thereof was knowingly and voluntarily made in absence
> of specific recitation of defendant's intra-trial
> rights."  Com. v. Grant, 426 Mass. 667 (1998).

A.  OTHER FACTORS THAT THE COURT SHOULD CONSIDER.

The lower court should had held an evidentiary
hearing since the judge that denied appellant's motion
for a new trial was not the original judge that heard his
cases.

1.  WAIVERS AND CERTIFICATES NOT FILED.

In docket 198714 CR 2106 there were no waivers or
certificates signed and dated by the appellant.  He was
indigent at the time.  The lower court was required:

> " to advise a defendant of his right to counsel and
> to assign counsel and to procure counsel and to
> file waiver and certificate if defendant elects to
> proceed without counsel is designed to insure that
> defendant in criminal case is made aware of his right
> to counsel and to eliminate from record speculation
> and doubt on review whether defendant intelligently
> waived his right and judge must follow with partic-
> ....................................................
> waive ... right to counsel."  .dan v. Com., 35+
> Mass. ... ( ..)

2.  INEFFECTIVE COUNSEL

On docket number 9114 CR 3699 and 3700 (RA 18 and 19)
appellant was represented by counsel.  However, counsel
was ineffective.  In the lower court the alleged

that appellant admitted to sufficient facts.  There was
no colloquy done.  Which establishes that the lower court;

> " failed to advise defendant that, in admitting
> to sufficient facts he was waiving his privilege
> against self incrimination." Com. v. Com.,
> 430 Mass. 444 (1999).

As well as other rights. Com. v. Duquette, 386
Mass 834, 845-846 (1982); Com. v. Lewis, 399 Mass. 761
763-764 (1987) and Boykin v. Alabama, 395 U.S. 238,
242-243 (1969).

> 5.  COLLOQUY WAS NOT DONE BY THE LOWER COURT IN
>     EITHER OF THE CASES.

On all the cases the lower court did not engage in
a plea colloquy with the appellant for the purpose of
verifying that his admission was voluntary, knowingly
and intelligent.

Had the lower court had engaged in a plea colloquy.
The appellant would have not given up all his rights and
privileges.  It was clear by the record that all parties
wanted the criminal cases dismissed.

> " The judge must conduct a colloquy to determine
> whether the defendant's admission to sufficient facts
> and his waiver of a jury trial were knowingly and
> voluntary." See Com. v. Rule, 30 Mass.App.Ct. 953
> (1994).

Therefore, the denial of the defendants motion was
"manifestly unjust". Com. v. Moore, 408 Mass. 117, 125
(1990).

With an attorney, the A.D.A. would have had to file their response/answer. Due to the lower courts immediate denial of appellant's motion for a new trial and having to deny his motion for counsel. This pro se appellant had no decision but to appeal to this court.

## CONCLUSION

For the foregoing reasons stated alone and or in combination the appellant's brief should be granted.

Appellant requests that this court order the lower court to hold an evidentiary hearing and / or approve his motion for a new trial.

Dated: _10_/_23_/_03_

Respectfully submitted,

_William Santiago_

William Santiago, pro se
P.O. BOX 8000
Shirley, MA.   01464

8

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

Suffolk, ss.                                No. 2003-P-1147

---

COMMONWEALTH
PLAINTIFF / APPELLEE

V.

WILLIAM SANTIAGO
DEFENDANT / APPELLANT

---

ON APPEAL FROM A JUDGMENT AND ORDER OF THE

CHELSEA DISTRICT COURT OF

SUFFOLK COUNTY

---

APPENDIX FOR THE APPELLANT

---

Dated :  _10/23/03_

William Santiago
P.O. BOX 8000
Shirley, MA.
01464

Chelsea District Court
120 Broadway
Chelsea, Ma.  02150


Re: Com. v. William Santiago
    Docket # 9114 CR 3699, 3700 and 8714 CR 2106


Clerk Magistrate, Kevin G. Murphy:

    Enclosed please find the following motions to be filed
and heard in your court.


    1.  DEFENDANT'S MOTION FOR A NEW TRIAL PURSUANT TO RULE
        30 (b) OF THE MASSACHUSETTS RULES OF CRIMINAL PROCEDURE.

    2.  DEFENDANT'S AFFADAVIT IN SUPPORT FOR A NEW TRIAL

    3.  DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL

    4.  CERTIFICATE OF SERVICE


    For preparation purposes, please send me notification in
advance of any future hearing(s) in this matter.  As I'm
representing myself pro se.

    Thank you.


                                Sincerely,

                                William Santiago, pro se
                                P.O. BOX 8000
                                Shirley, MA.   01464


cc: file
    Enc.
    ADA - Chelsea District Court
    District Attorneys's Office - Suffolk County

## OVERVIEW

On May 18, 1987, William Santiago, was arraigned in the (old) Chelsea District Court, Suffolk County, on docket number 0714 CR 2103, for :

A. Disorderly Person (G.L. c. 272, §53) and
B. Affray (Common Law)

See (Ex. A).

After various continuances for the purpose of trial, without representation, on December 16, 1987. As read by the docket entry sheet. Mr. Santiago, admitted to sufficient facts.

Due to the courts error, a default warrant was issued on January 20, 1988. Than the default was removed on January 26, 1988.

On January 27, 1988, Mr. Santiago paid fifty dollars for court costs and twenty five dollars for victim witness fee. Although he was the victim in this case. Paying these fines eventually dismissed the charges.


### 9114 CR 3699, and 3700
Dockets

On October 5, 1991 the complaints   were made against the  and persons who  did maliciously destroy,  Suffolk County, on docket number: 9114 CR 3699 & 3700 against :

A. Malicious Destruction of Property under $250.00
   (G.L. c.266 §127)  and
B. Threatening to Commit a Crime (G.L. c. 275 §2)
C. Assault and Battery (G.L. c.265 §13A)
See (Ex. B and C)

2

3

## REQUIREMENT OF A PROPER PLEA PROCEEDING

The Massachusetts Rules of Criminal Procedure Rule 12 controls guilty plea proceedings. See (Ex. M):

rule (2) ADMISSION TO SUFFICIENT FACTS. In a District Court jury-waived session a defendant may, after a plea of not guilty, admit to sufficient facts to warrant a finding of guilty."

## GUILTY PLEA - PROCEEDINGS BEFORE JUDGMENT

G.L. 278, §18 second paragraph, See (Ex. J) states:

"If a defendant, notwithstanding the requirements set forth herein before, attempts to enter a plea or statement consisting of an admission of facts sufficient for finding of guilt, or some similar statement, such admission shall be deemed a tender of a plea of guilty for purposes of the procedures set forth in this section."

## GROUND I

MR. SANTIAGO'S ADMISSION TO SUFFICIENT FACTS ON 8714 CR 2106 WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY MADE.

## Right to counsel

It has been determined by the Supreme Judicial COurt in Cardran v. Com., 356 Mass. 351 (1969), through the rules for the Regulation of Practice before the Full Court, rule 3:10, 351 Mass. 791, that:

"If a defendant charged with a crime for which a sentence of imprisonment may be imposed, appears in any court without counsel, the judge shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceedings unless he elects to proceed without counsel or is able to obtain counsel.

If the judge finds that the defendant is able to procure counsel, he shall make a finding to that effect which shall be filed with the papers in this case.

4

The Supreme Judicial Court held that:

"Colloquy held in connection with defendant's admission
to sufficient facts with respect to criminal charges against
him was deficient, where judge failed to advise defendant that,
in admitting to sufficient facts, he was waiving his privilege
against self-incrimination."
Burns v. Commonwealth, 430 Mass. 444 (1999).

In Mr. Santiago's case, not only was he not advised that

he was waiving his privilege against self-incrimination.

He was also not advised against his other two constitutional

rights, the three deportation rights, or any rights at all.

The judge is to determine by means of an adequate colloquy

that the plea tendered is both intelligently and voluntarily

made. Commonwealth v. Correa, 43 Mass.App.Ct. 714, 717 (1997).

### GROUND III

### Affray

MR. SANTIAGO WAS CHARGED WITH AFFRAY ON 8714 CR 2106.
A CHARGE NOT SUPPORTED BY SUFFICIENT FACTS OR ANY EVIDENCE.

According to the docket entry sheet 8714 CR 2106 (Ex. A).

Mr. Santiago was charged with Disorderly and Affray. The place

of offense was designated as "Chelsea".

The relevant of affray is:

"Whoever commits the offense of an affray (or chapter) every
inhabitant over seventeen and not less than an affray ...
may be ordered, without process or any other proof, to recognize
to keep the peace or be of good behavior for not more than
three months, and in case of refusal may be committed as provided
in section five."
See G.L. c. 275, §14 (Ex. F). and G.L. c. 275, §1.

The complainant did not state it was in a court or in front

of a justice.  Mr. Santiago found no other Massachusetts General

6

Mr. Santiago's last place of abode was never the Assembly Square Mall, c/o Jeans West, Somerville, MA.

Thereby making even the attempt (if found) of trying to serve a summon.  Would render it invalid and contrast to the law and rules of service of summons.

## Error of the Default Warrant

The court thereby erred in issuing a default warrant for an unserved summon , under the mentioned court rules.

This error is now permanently recorded in Mr. Santiago's CORI/Criminal Record in error.  It should be purged and expunged from all court records and CORI/crimianl records, as seen in (Ex. D).  Even if this motion is denied.

It's been determined in the Appeals Court in <u>Com. v. Pappas</u>, 735 NE2d 1277 (Mass.App.Ct. 2000); and <u>Com. v. S.M.F.</u>, 40 Mass.App. Ct. 42 at 46 (1996) that:  "No rational public policy favors the preservation of a ... [materially misleading CORI] record."

## Record keeping of unserved or served summons

Mass.R.Crim.P. Rule 6, (c),(4) the relevant part states:

" (4) Return.  The clerk shall maintain a list of those summonses returned unserved which shall include a statement of the efforts made by the person to whom the summons is mailed pursuant to subdivision (c) (3) of this rule and returned, the clerk shall record that fact upon the list."  See (Ex. L).

Mr. Santiago would request this court and the D.A. Office to verify if he was in fact served with the summons at his place of abode.

In the interest of justice Mr. Santiago also requests that this court expunge and purge all and any defaults from his CORI/criminal records and court records. Which was placed in error by this Court.

Dated: _December 9, 2002_

Respectfully submitted,

_William Santiago_

William Santiago, pro se
P.O. BOX 8000
Shirley, MA.
01464

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.                                    Chelsea District Court
                                                No.s 9114 CR 3699
                                                     9114 CR 3700
                                                     8714 CR 2106

Commonwealth

v.

William Santiago

DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL

Now comes the defendant, William Santiago, and requests
that this court assign or appoint counsel to the defendant
in this motion for new trial in accordance with Mass.R.Crim.P.
30 (c), (5).

The defendant is and has been indigent per the Massachusetts
General Laws c. 261, 27A-G.  See attached treasury printout.

If counsel is appointed.  Defendant request this court
that his Motion for a New Trial be ammended, modified or
replaced with the consent of the defendant.

Dated: _December 9, 2002_

Respectfully submitted,

_William C Santiago_

William Santiago, pro se
P.O. BOX 8000
Shirley, MA.
02150

13

## CERTIFICATE OF SERVICE

I, William Santiago, the defendant in this Motion for a
New Trial, has served a true copy upon :

Clerk, Kevin G. Murphy            Assistant District Attorney
Chelsea District Court            Chelsea District Court
Criminal Matter                   Criminal Matter
120 Broadway                      120 Broadway
Chelsea, MA.  02150               Chelsea, MA.  02150

                        and the

District Attorney
District Attorney's Office
One Bulfinch Place
Boston, MA.  02114


By first class mail, postage prepaid.

Dated: _December 9 2002_

_William Santiago_

William Santiago, pro se
P.O. BOX 8000
Shirley, MA.
01464

15

| DOCKET NUMBER | ATTORNEY NAME |
|---|---|

COURT DIVISION
**Chelsea**

NAME, ADDRESS AND ZIP CODE OF DEFENDANT

☐ Retained
☐ Assigned

TERMS OF RELEASE

**William Santiago**
**52 HawthornStreet**
**Chelsea,Mass.**

DEF. DOB
**3/11/68**

OFFENSE CODE(S)
**403.400**

**5/15/87** | **Chelsea**

COMPLAINANT
**James O'Brien**

POLICE DEPARTMENT
**Chelsea**

DATE OF COMPLAINT
**5/18/87**

RETURN DATE AND TIME
**Arrest**

| DATE | PROCEEDING |
|---|---|
| 5-18-87 | ☑ Arraigned before J. |
| | ☑ Advised of right to counsel |
| | ☐ Advised of right to drug exam |
| | ☐ Advised of right to bail review |
| | ☐ Advised of right to F.I. Jury Trial |
| | ☐ Waives  ☐ Requests F.I. Jury Trial |
| 1-20-88 | ☐ Warrant issued  ☑ Default warrant issued |
| 1-26-88 | ☐ Default removed  ☐ Warrant recalled |
| | ☐ Warrant issued  ☐ Default warrant issued |
| | ☐ Default removed  ☐ Warrant recalled |

COUNT-OFFENSE
**A.DISORDERLY PERSON C272 S53**

| FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|
| | | 50 | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| 5-18-87 | ☐ Not Guilty  ☐ Guilty  ☐ Nolo | |
| 12-16-87 | ☐ New Plea:  ☑ Admits suff. facts | |
| | FINDING 77✓  JUDGE | 6804A008 01/27/98COST    51.01 |

| | FINAL DISPOSITION | DATE |
|---|---|---|
| ☐ Cont. w/o finding until: | ☐ Discharged from probation | |
| ☐ Appeal of find. & disp.  ☐ Appeal of disp. | ☐ Dismissed at request of probation | |

COUNT-OFFENSE
**B.AFFRAY, COMMON LAW**

| FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|
| | 25✓W | 50 | |

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| 5-18-87 | ☑ Not Guilty  ☐ Guilty  ☐ Nolo | |
| 12-16-87 | ☐ New Plea:  ☑ Admits suff. facts | |
| | FINDING 77✓  JUDGE | 6804A008 01/27/88COST    50.01 |
| | | 6804A008 01/27/88VWAF   25.01 |

| | FINAL DISPOSITION | DATE |
|---|---|---|
| ☐ Cont. w/o finding until: | ☐ Discharged from probation | |
| ☐ Appeal of find. & disp.  ☐ Appeal of disp. | ☐ Dismissed at request of probation | |

COUNT-OFFENSE

| FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | ☐ Not Guilty  ☐ Guilty  ☐ Nolo | |
| | ☐ New Plea:  ☐ Admits suff. facts | |
| | FINDING  JUDGE | |

COUNT-OFFENSE

| FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|

| DATE | PLEA | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | ☐ Not Guilty  ☐ Guilty  ☐ Nolo | |
| | ☐ New Plea:  ☐ Admits suff. facts | |
| | FINDING  JUDGE | |

| | FINAL DISPOSITION | DATE |
|---|---|---|
| ☐ Cont. w/o finding until: | ☐ Discharged from probation | 17 |
| ☐ Appeal of find. & disp.  ☐ Appeal of disp. | ☐ Dismissed at request of probation | |

| CONT. TO | PURPOSE | CONT. TO | PURPOSE | | DATE | TAPE NO. | START | STOP |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| 10-16-87 | | | | | | | | |
| 1-30-88 | Pay | | | | | | | |



COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.                              Chelsea District Court
                                         No.9114 CR 3699, 3700
                                             8714 CR 2106

Commonwealth

v.

William Santiago

DEFENDANT'S MOTION FOR A NEW TRIAL PURSUANT TO RULE
30 (b) OF THE MASSACHUSETTS RULES OF CRIMINAL PROCEDURES

Now comes the defendant, William Santiago, and moves that this Honorable Court grant him a new trial pursuant to Rule 30 (b) of the Massachusetts Rule of Criminal Procedure.

The grounds for this motion are set out in more detail in the attached.

Dated: *December 9, 2002*

*12/16/02. Denied without further hearing. There is no showing of regularity in these proceedings, and this motion was not timely filed.*
*T. H. Gailey. J.*

Respectfully submitted,

*William Santiago*

William Santiago, pro se

*37*

EXHIBIT
C

| COURT DIVISION | | | |
|---|---|---|---|
| CHELSEA | | ☐ Waived ☐ Retained ☐ Assigned | |

DOCKET 9114 CR 9768

☐ Waived
☐ Retained
☑ Assigned

NAME, ADDRESS AND ZIP CODE OF DEFENDANT

William Santiago
C/O Jean's West
Assembly Square Mall
133 Middlesex Avenue
Somerville MA 02145

TERMS OF RELEASE

| DATE | PROCEEDING |
|---|---|
| OCT 26 1994 | ☑ Arraigned before |
| | ☐ Advised of right to counsel |
| | ☐ Advised of right to drug exam |
| | ☐ Advised of right to bail review |
| | ☐ Advised of right to F.I. Jury Trial |
| | ☐ Waives    ☐ Requests F.I. Jury Trial |
| | ☐ Advised of alien rights |

| DEF. DOB AND SEX | OFFENSE CODE(S) |
|---|---|
| | 599, 643 |

| DATE OF OFFENSE | PLACE OF OFFENSE |
|---|---|
| 8/4/91 | 52 Hawthorne St., Chelsea |

| COMPLAINANT | POLICE DEPARTMENT (if applicable) |
|---|---|
| Bruce D. Imbacuan | Chelsea |

| DATE OF COMPLAINT | RETURN DATE AND TIME |
|---|---|
| 9/5/91 H. | 10/4/91 8:30 A.M. |

| DATE | |
|---|---|
| 10-4-91 OCT 26 1994 | ☒ Warrant issued  ☐ Default warrant issued ☒ Default removed   ☒ Warrant recalled |
| | ☐ Warrant issued ☐ Default warrant issued ☐ Default removed   ☐ Warrant recalled |

| COUNT-OFFENSE | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|
| A. MAL. DESTRUCTION OF PROP. OVER $250 C266 S127 UNDER | | | | | |

| DATE OCT 26 1994 | PLEA ☐ Not Guilty ☐ Guilty ☐ Nolo | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| OCT 26 1994 | ☐ New Plea:        ☐ Admits suff. facts | N/P filed w/o change of plea |
| | FINDING          JUDGE | |
| | ☐ Cont. w/o finding until: | FINAL DISPOSITION          DATE ☐ Discharged from probation ☐ Dismissed at request of probation |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | |

| COUNT-OFFENSE | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|
| B. THREATENING TO COMMIT A CRIME C275 S2 | | | | | |

| DATE OCT 26 1994 | PLEA ☐ Not Guilty ☐ Guilty ☐ Nolo | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| OCT 26 1994 | ☐ New Plea:        ☐ Admits suff. facts | N/P filed w/o change of plea |
| | FINDING          JUDGE | |
| | ☐ Cont. w/o finding until: | FINAL DISPOSITION          DATE ☐ Discharged from probation ☐ Dismissed at request of probation |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | |

| COUNT-OFFENSE | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|
| | | | | | |

| DATE | PLEA ☐ Not Guilty ☐ Guilty ☐ Nolo | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | ☐ New Plea:        ☐ Admits suff. facts | |
| | FINDING          JUDGE | |
| | ☐ Cont. w/o finding until: | FINAL DISPOSITION ☐ Discharged from probation ☐ Dismissed at request of probation |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | |

| COUNT-OFFENSE | | FINE | SURFINE | COSTS | TOTAL DUE |
|---|---|---|---|---|---|
| | | | | | |

| DATE | PLEA ☐ Not Guilty ☐ Guilty ☐ Nolo | IMPRISONMENT AND OTHER DISPOSITION |
|---|---|---|
| | ☐ New Plea:        ☐ Admits suff. facts | |
| | FINDING          JUDGE | |
| | ☐ Cont. w/o finding until: | FINAL DISPOSITION          DATE ☐ Discharged from probation ☐ Dismissed at request of probation |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | |

| CONT. | | CRED. TO | | DATE | SERVED | START | STOP |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

MGLA 272 § 53, Penalty for certain offenses

**\*80116 M.G.L.A. 272 § 53**

MASSACHUSETTS GENERAL LAWS
ANNOTATED
PART IV. CRIMES, PUNISHMENTS
AND PROCEEDINGS IN CRIMINAL
CASES
TITLE I. CRIMES AND
PUNISHMENTS
CHAPTER 272. CRIMES AGAINST
CHASTITY, MORALITY, DECENCY
AND GOOD ORDER

*Current through Chapter 20 of the 2002 Second
Annual Session of the General Court.*

§ 53. Penalty for certain offenses

Common night walkers, common street walkers, both male and female, common railers and brawlers, persons who with offensive and disorderly acts or language accost or annoy persons of the opposite sex, lewd, wanton and lascivious persons in speech or behavior, idle and disorderly persons, disturbers of the peace, keepers of noisy and disorderly houses, and persons guilty of indecent exposure may be punished by imprisonment in a jail or house of correction for not more than six months, or by a fine of not more than two hundred dollars, or by both such fine and imprisonment.

CREDIT(S)

2000 Main Volume

*Amended by St.1943, c. 377; St.1956, c. 715, § 21; St.1959,*

<General Materials (GM) - References, Annotations, or Tables>

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

2000 Main Volume

C.L. c. 153, § 1.
St.1699-1700, c. 8, § 2.
St.1769-70, c. 19.

EXHIBIT

E

St.1787, c. 54, § 2.
St.1834, c. 151, §§ 2, 3.
R.S.1836, c. 143, §§ 5, 6.
St.1837, c. 157.
St.1837, c. 217.
St.1851, c. 346.
St.1856, c. 186.
G.S.1860, c. 165, §§ 28, 29.
St.1866, c. 235.
St.1874, c. 385, § 21.
St.1876, c. 118.
St.1878, c. 270, § 2.
St.1880, c. 114.
St.1880, c. 257.
P.S.1882, c. 207, §§ 29, 30.
**\*80117 St.1884, c. 258, § 1.**
St.1885, c. 365, § 1.
St.1886, c. 323, § 1.
St.1898, c. 443, § 1.
R.L.1902, c. 85, § 30; c. 212, §§ 46, 48.
St.1914, c. 743.
St.1931, c. 239.
St.1943, c. 377, approved June 1, 1943, rewrote the section, which prior thereto read:

"Rogues and vagabonds, persons who use any juggling or unlawful games or plays, common pipers, and fiddlers, stubborn children, runaways, common drunkards, common nightwalkers, both male and female, persons who with offensive or disorderly act or language accost or annoy in public places persons of the opposite sex, pilferers, lewd, wanton and lascivious persons in speech or behavior, common railers and brawlers, persons who neglect their calling or employment or who misspend what they earn and do not provide for themselves, and all other idle and disorderly persons including therein those persons who neglect all lawful business and habitually misspend their time by frequenting houses of ill fame, gaming houses or tippling shops, may be punished by imprisonment in the Massachusetts reformatory or at the state farm in the case of a male offender, or in the reformatory for women or at the state farm in the case of a female offender, or, for not more than six months, in the house of correction, or by a fine not exceeding two hundred dollars, either with or without a condition that, if it is not paid within a time specified, the person convicted shall be punished by imprisonment under

as in the case of a violation of chapter two hundred and seventy-nine."

St.1956, c. 715, § 21, approved Sept. 28, 1956, deleted "common drunkards," following "runaways," and "or by imprisonment at the state farm" following "months".

St.1959, c. 304, § 1, approved May 12, 1959, inserted "prostitutes,".

St.1973, c. 1073, § 20, approved Nov. 21, 1973, deleted from the beginning "Rogues and vagabonds, runaways,".

St.1983, c. 66, § 1, approved April 25, 1983, inserted

MGLA 265 § 13A, Assault or assault and battery; punishment



EXHIBIT

G

REFERE

**\*77859 M.G.L.A. 265 § 13A**

MASSACHUSETTS GENERAL LAWS
ANNOTATED
PART IV. CRIMES, PUNISHMENTS
AND PROCEEDINGS IN CRIMINAL
CASES
TITLE I. CRIMES AND
PUNISHMENTS
CHAPTER 265. CRIMES AGAINST
THE PERSON

*Current through Chapter 20 of the 2002 Second
Annual Session of the General Court.*

§ 13A. Assault or assault and battery;
punishment

Whoever commits an assault or an assault and
battery upon another shall be punished by
imprisonment for not more than two and one half
years in a house of correction or by a fine of not
more than five hundred dollars.

A summons may be issued instead of a warrant
for the arrest of any person upon a complaint for a
violation of any provision of this section if in the
judgment of the court or justice receiving the
complaint there is reason to believe that he will
appear upon a summons.

CREDIT(S)

2000 Main Volume

*Added by St.1943, c. 259, § 1. Amended by St.1945, c. 230.*

HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

2000 Main Volume

St.1943, c. 259, § 1, was approved May 10, 1943, and by §
2 made effective Oct. 1, 1943.

St.1945, c. 230, approved April 18, 1945, added the second
paragraph.

CROSS REFERENCES

Assault during burglary, see c. 266, § 14.

Indictment, form, see c. 277, § 79.

Limitation of penal actions for assault and battery, see c.
260, § 4.

Power of judges and justices to arrest violators, see c. 220, §
3.

Release from jail upon satisfaction for injury from assault
and battery with civil liability, see c. 276, §§ 55, 56.

Release or discharge of person confined for violation of this
section, notification to department of state police and
local authorities, see c. 22C, § 37.

AMERICAN LAW REPORTS

Attempt to commit assault as criminal offense. 79 ALR2d
597.

\*77860 Fact that gun was unloaded as affecting criminal
responsibility. 79 ALR2d 1412.

Assault on attorney as contempt. 61 ALR3d 500.

Automobile as dangerous or deadly weapon within meaning
of assault or battery statute. 89 ALR3d 1026.

Assault: criminal liability as barring or mitigating recovery
of punitive damages. 98 ALR3d 870.

Criminal responsibility for physical measures undertaken in
connection with treatment of mentally disordered
patient. 99 ALR3d 854.

Constitutionality of assault and battery laws limited to
protection of females only or which provide greater
penalties for males than for females. 5 ALR4th 708.

LAW REVIEW AND JOURNAL
COMMENTARIES

Arrest warrant; legal placebo? (1967) 47 B.U.L.Rev. 244.

Child abuse: In search of a proper defendant. (1978) 13
New Eng.L.Rev. 802.

Non-homicide offense against the person. Rollin M.
Perkins (1946) 26 B.U.L.Rev. 119.

LIBRARY REFERENCES

2000 Main Volume

Assault and Battery ☞47, 100.
WESTLAW Topic No. 37.
C.J.S. Assault and Battery §§ 62, 130.
Comments.

Assault and battery, see Alperin and Shubow, 14A
Massachusetts Practice § 9.161 et seq. (3d ed.); Nolan
and Henry, 32 Massachusetts Practice § 322 et seq. (2d
ed.); Bishop, 17B Massachusetts Practice § 52.17 (4th

Copyright (c) West Group 2002. No claim to original U.S. Govt. works

MGLA 275 § 2, Complaint of threat to commit crime

**\*80534 M.G.L.A. 275 § 2**

## MASSACHUSETTS GENERAL LAWS ANNOTATED
## PART IV. CRIMES, PUNISHMENTS AND PROCEEDINGS IN CRIMINAL CASES
## TITLE II. PROCEEDINGS IN CRIMINAL CASES
## CHAPTER 275. PROCEEDINGS TO PREVENT CRIMES

*Current through Chapter 20 of the 2002 Second Annual Session of the General Court.*

## § 2. Complaint of threat to commit crime

If complaint is made to any such court or justice that a person has threatened to commit a crime against the person or property of another, such court or justice shall examine the complainant and any witnesses who may be produced, on oath, reduce the complaint to writing and cause it to be subscribed by the complainant.

<General Materials (GM) - References, Annotations, or Tables>

### HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

**1994 Main Volume**

R.S.1836, c. 134, § 2.
G.S.1860, c. 169, § 2.
P.S.1882, c. 211, § 2.
P.L.1902, c. 214, § 2.

CROSS-REFERENCES

State criminal prosecutions of union officer or member for specific physical threats to employer's property or person, in connection with labor dispute--modern cases. 43 ALR4th 1141.

### REFERENCES

LAW REVIEW AND JOURNAL COMMENTARIES

Survey of key developments in the SJC's recent approach to



domestic violence issues: Jacobsen, Fri and R.H. v. B.F.   Beth I.Z. Boland and 40 Boston B.J. 10 (Jan.-Feb. 1996).

LIBRARY REFERENCES

2002 Electronic Update

Texts and Treatises

12 Am Jur 2d, Breach of Peace and Disorderly Conduct §§ 12, 15, 48.

11 Am Jur Proof of Facts 609, Undue Influence.

4 Am Jur Proof of Facts 2d 179, Criminal Acts Committed Under Duress.

1994 Main Volume

Breach of the Peace ⬤═20.
WESTLAW Topic No. 62.
C.J.S. Breach of the Peace §§ 22, 23. **\*80535**

ANNOTATIONS

NOTES OF DECISIONS

In general 2
Assessment of threat 4.5
Double jeopardy 1.5
Elements of offense 3
Good character evidence 8
Prior acts 5
Probation 7
Review 6
Sufficiency of evidence 4
Validity 1

### 1. Validity

This chapter is not unconstitutional because of vagueness and overbreadth, and federal district court did not have equitable jurisdiction to grant injunctive relief against enforcement of section and § 6 of this chapter in a state criminal prosecution. Shuman v. Department of Justice.

Conviction for threatening to commit a crime does not violate a defendant's free speech rights under Federal or State Constitution if evidence is sufficient to satisfy each element of the crime; those elements are defined in a way that prevents a conviction based on protected speech. Com. v. Sholley (2000) 739 N.E.2d 236, 432 Mass. 721.

### 1.5. Double jeopardy

Sentences imposed on defendant for convictions of violating protective order and threatening to commit various crimes did not violate double jeopardy, even though same conduct gave rise to both convictions; elements of threat

Copyright (c) West Group 2002 No claim to original U.S. Govt. works 

MGLA 223 § 31, Summons; leaving at last known address, etc.

**\*65365 M.G.L.A. 223 § 31**

EXHIBIT

K

## MASSACHUSETTS GENERAL LAWS ANNOTATED
### PART III. COURTS, JUDICIAL OFFICERS AND PROCEEDINGS IN CIVIL CASES
### TITLE II. ACTIONS AND PROCEEDINGS THEREIN
### CHAPTER 223. COMMENCEMENT OF ACTIONS, SERVICE OF PROCESS
### SERVICE ON DEFENDANT

*Current through Ch. 183 of the 2002 Second Annual Session of the General Court., approved 7/29/2002.*

## § 31. Summons;   leaving at last known address, etc.

In an action brought in the district court, if service is made at the last and usual place of abode, the officer making service shall forthwith mail first class a copy of the summons to such last and usual place of abode.   The date of mailing and the address to which the summons was sent shall be set forth as required by section thirty-five in the officer's return.

### CREDIT(S)

#### 2000 Main Volume

*Amended by St.1973, c. 1114, § 90;   St.1974, c. 748;*

*St.1975, c. 377, § 27.*

&lt;General Materials (GM) - References, Annotations, or Tables&gt;

### HISTORICAL NOTES

HISTORICAL AND STATUTORY NOTES

#### 2000 Main Volume

St.1700-1, c. 20, § 1.
St.1736-7, c. 12.
St.1797, c. 50, §§ 1, 3.
R.S.1836, c. 90, §§ 41, 45.
G.S.1860, c. 123, § 25.
P.S.1882, c. 161, § 31.
R.L.1902, c. 167, § 31.

St.1973, c. 1114, § 90, approved Nov. 30, 1973, and by § 351 made effective July 1, 1974, inserted the introductory clause "In an action brought in the district court".

St.1973, c. 1114, conformed the General Laws to the Massachusetts Rules of Civil and Appellate Procedure, also effective July 1, 1974.

St.1974, c. 748, approved Aug. 7, 1974, added the fourth and fifth sentences.

St.1975, c. 377, § 27, approved June 30, 1975, and by § 164 made effective July 1, 1975, deleted the first sentence following the introductory clause and a second and third sentence, which read:   "If the summons is not served personally on the defendant, the original or a copy, as the case may be, shall be left at his last and usual place of abode, if he has any within the commonwealth known to the officer. If he has none, it shall be left with his tenant, agent or attorney, if he has any within the commonwealth known to the officer.   If he has no such last and usual place of abode and no tenant, agent or attorney, no service on him shall be required except as provided in the three following sections."; and incorporated the introductory clause in the present first sentence.

*27*

Copyright (c) West Group 2002 No claim to original U.S. Govt. works

summonses returned unserved which shall include a statement of the efforts made by the person to whom the summonses were delivered for service to serve them. If a summons is mailed pursuant to subdivision (c)(3) of this rule and returned, the clerk shall record that fact upon the list. The officer executing a warrant shall make return thereof to the issuing court. At the request of the prosecutor any unexecuted warrant shall be returned to the issuing court and may be cancelled by that court upon its own motion or upon the motion of the prosecutor. At the request of the prosecutor made at any time while a complaint or an indictment is pending, a summons returned unserved or a warrant returned unexecuted and not cancelled may be delivered to an authorized person for service or execution.

(d) Default.

(1) Costs.   A judge may order that expenses incurred as a result of the entry of a default against a defendant are to be assessed as costs against the defendant.

(2) Preservation of Testimony.   If counsel for a defendant is present upon the entry of a default against the defendant and if the judge finds that to require the attendance at a later time of a witness then present in court would constitute a hardship upon the witness because of age, infirmity, illness, profession or other sufficient reason, the judge may order that the testimony of the witness be taken and preserved for subsequent use at trial or any other proceeding. The witness shall be examined in open court by the party on whose behalf he is present and the adverse party shall have the right of cross-examination. The expense of taking and preserving the testimony may be assessed as costs against the defendant.

~2922

## HISTORICAL NOTES

## REPORTER'S NOTES

### 1995 Main Volume

Rule 6 was drafted with the aim of dispensing with unnecessary appearances by defendants, their counsel and witnesses and insuring that defendants who are unlikely to flee pending their initial appearance may be at liberty without restriction.

Subdivision (a).  Under prior practice, after a finding of probable cause--whether upon an application for issuance of process or upon presentment to a grand jury--arrest warrants were to be issued in the majority of cases. G.L. c. 276, § 22. The issuance of a summons in lieu of a warrant was the exception under the law, if not in practice.

Under G.L. c. 276, § 24, a summons was to be issued only in those instances where the District Court had final jurisdiction over the offense charged and the court believed a summons would sufficiently guarantee the defendant's appearance in court.

Under this rule the permissible use of a summons is greatly expanded.  Whenever it is determined that process shall issue upon an application, the District Court shall authorize the issuance of a warrant, except in cases where the accused is a juvenile less than twelve years of age. G.L. c. 119, § 54.  Whenever a direct indictment is returned against a defendant, the Superior Court shall authorize the issuance of a warrant.  In both instances, however, the warrant will not be immediately issued for execution unless the court determines that the defendant will not likely appear upon a summons alone.

This rule reflects the policy underlying current efforts to secure the release prior to trial of all defendants who have sufficient roots in the community to guarantee their presence at trial. Federal Rule of Criminal Procedure 4 requires a magistrate to issue a summons rather than an arrest warrant only "upon the request of the attorney for the government" after probable cause is found. Section 3.3 of the ABA Standards Relating to Pretrial Release (Approved Draft, 1968) provides for the use of a summons instead of a warrant except where specific circumstances are shown. See also ABA Standards Relating to Criminal Procedure (1 vol.A.) in the Rules of Criminal Procedure (in A.) n.m. 2.3(c) (1974); National Advisory Commission on Criminal Justice Standards & Goals, Courts, Standard 4.2 (1973). See Vermont R.Crim.P. 4 (1974).

defendant that he will not impose a sentence that exceeds the terms of the recommendation without first giving the defendant the right to withdraw his plea.

(3) Notice of Consequences of Plea. The judge shall inform the defendant, or permit defense counsel under the direction of the judge to inform the defendant, on the record, in open court:

(A) that by his plea of guilty or nolo contendere he waives his right to trial with or without a jury, his right to confrontation of witnesses, and his privilege against self-incrimination;

(B) where appropriate, of the maximum possible sentence on the charge, including that possible from consecutive sentences; of any different or additional punishment based upon second offense or sexually dangerous persons provisions of the General Laws, if applicable; and of the mandatory minimum sentence, if any, on the charge.

(4) Tender of Plea. The defendant's plea shall then be tendered to the court.

(5) Hearing on Plea; Acceptance. The judge shall conduct a hearing to determine the voluntariness of the plea and the factual basis of the charge.

*75938 (A) Factual Basis for Charge. A judge shall not accept a plea of guilty unless he is satisfied that there is a factual basis for the charge. The failure of the defendant to acknowledge all of the elements of the factual basis shall not preclude a judge from accepting a guilty plea. for cause, the of the guilty plea and the court will of cause, the factual basis of the charge may be made on the record at the bench.

(B) Acceptance. At the conclusion of the hearing the judge shall state his acceptance or rejection of the plea.

(C) Sentencing. After acceptance of a plea of guilty or nolo contendere, the judge may proceed with sentencing.

(6) Refusal to Accept an Agreed Sentence Recommendation. If the judge determines that he will impose a sentence that will exceed an

agreed recommendation for a particular sentence or type of punishment under subdivision (b)(1)(C) of this rule or an agreed recommendation for a particular disposition other than incarceration under subdivision (b)(1)(E), after having informed the defendant as provided in subdivision (c)(2) that he would not do so, he shall, on the record, advise the defendant personally in open court or on a showing of cause, in camera, that he intends to exceed the terms of the plea recommendation and shall afford the defendant the opportunity to then withdraw his plea. The judge may indicate to the parties what sentence he would impose.

(d) Withdrawal of Plea. If a defendant withdraws a plea of guilty or nolo contendere, the case may be advanced for trial. The fact that an agreed recommendation was tendered and rejected, but not the terms thereof, shall be entered on the record. If the defendant subsequently tenders a plea of guilty or nolo contendere, no recommendation as to disposition which is based upon the prior plea negotiations shall be offered by the prosecutor, but the prosecutor may address the court as to the nature and seriousness of the offense charged and may propose a disposition and the judge may permit the defendant or his counsel to propose a disposition.

(e) Availability of Criminal Record and Presentence Report. The criminal record of the defendant shall be made available. Upon the written motion of either party made at the tender of a plea of guilty or nolo contendere, the presentence report as described in subdivision (d)(2) of Rule 28 shall be made available to the for the defendant for inspection. In extraordinary cases, the judge may except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, sources of information obtained upon a promise of confidentiality, or any other information which, if disclosed, might result in harm, physical or otherwise, to the defendant or other persons. If the report is not made fully available, the portions thereof which are not disclosed shall not be relied upon in determining sentence. No party may make any copy of the

Copyright (c) West Group 2002 No claim to orig. U.S. Govt. works

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.

Chelsea District
Criminal Matter
Nos. 9114CR3699
      9114CR3700
      9714CR2106

Commonwealth

v.

William Santiago

NOTICE OF APPEAL

NOTICE, is hereby given that in above-entitled case. The defendant, William Santiago hereby appeals Justice, Gailey's decision to deny Mr. Santiago's **MOTION FOR A NEW TRIAL.**

Mr. Santiago hereby appeals pursuant to Mass.R.A.P. 3 and 12.

Justice Gailey's decision was based only on the documents without a hearing on December 16, 2002.

Therefore Mr. Santiago states that no transcripts are needed or required in this matter.

**The Record may be fully assembeled** and sent to the Appeals Court per the Mass. R.A.P. rules.

Dated: _December 30, 2002_

Respectfully, submitted,

_William Santiago_

William Santiago, pro se
P.O. BOX 8000
Shirley, MA.
01464

39



COMMONWEALTH OF MASSACHUSETTS

APPELLATE DIVISION OF THE DISTRICT COURT DEPARTMENT

NORTHERN DISTRICT
30 THORNDIKE ST., P.O. BOX 396
EAST CAMBRIDGE, MA 02141

AREA CODE (617) 494-4382

JUSTICES
MARK S. COVEN
ROBERT V. GRECO
PATRICIA G. CURTIN
MILTON L. WRIGHT, JR.

APPELLATE DIVISION ATTORNEY
SUZANNE HURLEY

BRIAN R. MERRICK
PRESIDING JUSTICE

August 11, 2003

Mr. William Santiago
P. O. Box 8000
Shirley, MA 01464

RE:    Chelsea District Court Nos. 8714-CR-2106; 9114-CR-3699; 9114-CR-3700
       Newburyport District Court No. 9722-CR-0993

Dear Mr. Santiago:

The Appellate Division has received your letter of August 5, 2003 relative to your claim that the Chelsea and Newburyport District Courts have not responded to your notices of appeal in the above referenced cases. It may be inferred that any lack of response might be due to the fact that you are attempting to appeal cases which are in some instances sixteen years old.

In any event, this Appellate Division of the District Court Department does not have jurisdiction over appeals in criminal cases. You may wish to direct your inquiries about criminal appeals to the Massachusetts Appeals Court at the following address:

Appeals Court
1500 New Courthouse
Pemberton Square
Boston, MA 02108.

I have forwarded your letter to the Clerk's Office of t' ' ' ' ' ' ' '

As this Appellate Division lacks jurisdiction, do not forward additional inquiries about these criminal cases to this office.

Sincerely,

Suzanne Hurley

41

cc:    Appeals Court
       Criminal Clerk's Office, Newburyport District
       Criminal Clerk's Office, Chelsea Division



# COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss

Chelsea District Court
Docket # 91 cr 3699
91 cr 3700
Def. Warr. 9114 sp 155

A. Santiago

Vs.

Wm. Santiago

## NOTICE OF STIPULATION OF DISMISSAL

I Arlene Santiago, the plaintiff, respectfully moves, pursuant to Mass. Rule Civil Procedure 41(a), that the above-entitled matter be dismissed based on I no longer have interest in pursuing this matter.

I, the defendant Wm. Santiago respectfully moves pursuant to Mass. Rule Civil Procedure 41(a), that the above-entitled matter be dismissed. I also have no interest in pursuing the matter.

Signed under the pains and penalty of perjury this 16th day of April, 1994,

Arlene Santiago

William Santiago

43

APPEAL COURT MEMORANDUM OF LAW

MEMORANDUM OF LAW OF THE APPELLEE

EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

SUFFOLK, ss.

No. 03-P-1147

COMMONWEALTH OF MASSACHUSETTS,
*Appellee*

v.

WILLIAM SANTIAGO,
*Defendant-Appellant*

---

## MEMROANDUM OF LAW IN LIEU OF BRIEF FOR THE COMMONWEALTH ON APPEAL FROM THE DENIAL OF THE DEFENDANT'S MOTION FOR A NEW TRIAL

---

### ISSUES PRESENTED

1. Whether the defendant's appeal from cases 8714-CR-2106, 9114-CR-3699, and 9114-CR-3700, out of the Chelsea District Court, is properly before this Court.

2. Whether the defendant, in any event, has failed to submit evidence sufficient to rebut the presumption of regularity accorded to the proceedings in these decades old cases.

### STATEMENT OF THE CASE

On December 16, 1987, the defendant, William Santiago, appeared in the Chelsea District Court in

The defendant filed a notice of appeal on June 6, 2003 (C.A. 2, 4, 6).[3]   The case was docketed in this Court on September 2, 2003.

## STATEMENT OF FACTS

The facts of this case are procedural in nature and are set forth above.

## ARGUMENT

I.   **THE DEFENDANT'S APPEAL FROM CASES 8714-CR-2106, 9114-CR-3699, AND 9114-CR-3700, OUT OF THE CHELSEA DISTRICT COURT, IS NOT PROPERLY BEFORE THIS COURT.**

The three cases from which the defendant appeals are not the proper subject of an appeal, and are therefore not properly before this court.   The first, case, number 8714-CR-2106, was dismissed upon payment of court costs and a victim witness fee (R. 20, C.A. 1).   Although a finding of sufficient facts was entered in the case (C.A. 1), a guilty finding was never entered (R. 20, C.A. 1), and the finding of sufficient facts standing alone is not an appealable order.   See *Commonwealth v. Walsh*, 43 Mass. App. Ct.

---

[3]   The defendant claims the notice was filed on December 30, 2002 (D. Br. 1).   The dockets reflect a date of June 6, 2003, however.   (C.A. 2, 4, 6).   The notice of appeal was not, therefore, timely filed. See Mass. R. App. P. 4(b).

II.  THE DEFENDANT, IN ANY EVENT, HAS FAILED TO SUBMIT
     EVIDENCE SUFFICIENT TO REBUT THE PRESUMPTION OF
     REGULARITY ACCORDED TO THE PROCEEDINGS IN THESE
     DECADES OLD CASES.

As to case number 8714-CR-2106, the defendant
makes various claims, including that he was not
represented by counsel and did not waive his right to
a jury trial (D. Br. 2-6, R. 2-10). As to the claims
regarding representation by counsel and jury trial
waiver, the record indicates that the defendant was
advised of his right to counsel and waived that right,
as well as his right to a jury trial (C.A. 1, 7). As
to the other claims, the defendant has failed to
submit evidence sufficient to rebut the presumption of
regularity accorded to these decades old proceedings.
*See Commonwealth v. Grant*, 426 Mass. 667, 671 (1998);
*Commonwealth v. Lopez*, 426 Mass. 657, 661-665 (1998).
Furthermore, the dismissal of criminal charges renders
moot any defects in the underlying proceedings.  *See*
*Commonwealth v. Villalobos*, 437 Mass. 797, 799 (2002);
*Burns v. Commonwealth*, 430 Mass. 444, 447 (1999).

As to cases 9114-CR-3699 and 9114-CR 3700, the
defendant, again, has failed to submit evidence
sufficient to rebut the presumption of regularity.

ADDENDUM

20 Am Jur 2d, Costs §§ 100-104.

ANNOTATIONS--
Items of costs of prosecution for which defendant may be held. 65 ALR2d 854.

Propriety of conditioning probation or suspended sentence on defendant's refraining from
political activity, protest, or the like. 95 ALR3d 1022.

TEXTS--
Blumenson, Fisher, and Kanstroom, Massachusetts Criminal Practice (Michie) §§ 9.1-9.10.

LAW REVIEW REFERENCES--
Kamens, Sentencing and Other Dispositions in the District Courts. 69 Mass L Rev 126,
September, 1984.

CASE NOTES

Five hundred dollar costs imposed in addition to fine for conviction of crime was prohibited by
ALM GL c 280 § 6. Commonwealth v Scagliotti (1977) 373 Mass 626, 371 NE2d 726.

Costs improperly assessed under MRCrimP, Rule 6(d)(1) were not also in violation of ALM GL
c 280 § 6. Commonwealth v Gomes (1990) 407 Mass 206, 552 NE2d 101.

District Court judge could have required defendant to pay reasonable and actual expenses of
prosecution in imposing disposition of continuance without finding, but judge could not
impose condition to disposition that defendant pay $ 5000 to complaining victim.
Commonwealth v Rotonda (2001) 434 Mass 211, 747 NE2d 1199.

Judge did not err in imposing costs as term of probation. Commonwealth v Casserly (1986)
23 Mass App 947, 501 NE2d 540, review den 399 Mass 1102, 504 NE2d 1066.

Statute prohibiting imposition of costs as penalty for crime [ALM GL c 280 § 6] does not
clash with victim/witness fund assessment statute [ALM GL c 258B § 8]. Commonwealth v
Zawatsky (1996) 41 Mass App 392, 670 NE2d 969.

Source: Legal > States Legal - U.S. > Massachusetts > Statutes & Regulations > MA - Annotated Laws of
Massachusetts i
TOC: Annotated Laws of Massachusetts > / . . . / > CHAPTER 280. FINES AND FORFEITURES
> § 6. Expenses of Prosecution.
Terms: 280 /2 6 (Edit Search)
View: Full
Date/Time: Wednesday, November 19, 2003 - 10:1 AM EST

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

## COMMONWEALTH'S SUPPLEMENTAL RECORD APPENDIX

Docket Sheets for Case No. 8714-CR-2106       C.A. 1-2

Docket Sheets for Case No. 9114-CR-3699       C.A. 3-4

Docket Sheets for Case No. 9114-CR-3700       C.A. 5-6

Waiver of Counsel                             C.A. 7

DOCKET   DOCKET NUMBER

COURT DIVISION
**Chelsea**

NAME, ADDRESS AND ZIP CODE OF DEFENDANT

**William Santiago**
**52 HawthornStreet**
**Chelsea,Mass.**

DEF. DOB
3/11/68

OFFENSE CODE(S)
**401.400**

DATE OF OFFENSE
5/15/87

PLACE OF OFFENSE
**Chelsea**

COMPLAINANT
**James O'Brien**

POLICE DEPARTMENT
**Chelsea**

DATE OF COMPLAINT
5/18/87

RETURN DATE AND TIME
**Arrest**

COUNT-OFFENSE
**A.DISORDERLY PERSON CZ72 S53**

TERMS OF RELEASE
□ Retained
□ Assigned

| DATE | PROCEEDING |
|------|------------|
| 5-18-87 | ☑ Arraigned before J. _RAS_ |
| | ☑ Advised of right to counsel |
| | □ Advised of right to drug exam |
| | □ Advised of right to bail review |
| | □ Advised of right to F.I. Jury Trial |
| | □ Waives   □ Requests F.I. Jury Trial |
| 1-20-88 | □ Warrant issued  ☑ Default warrant issued |
| 1-26-88 | ☑ Default removed   ☒ Warrant recalled |
| | □ Warrant issued  □ Default warrant issued |
| | □ Default removed   □ Warrant recalled |

| | FINE | SURFINE | COSTS | TOTAL DUE |
|--|------|---------|-------|-----------|
| | | | 50 | |

IMPRISONMENT AND OTHER DISPOSITION

| DATE | PLEA |
|------|------|
| 5-18-87 | □ Not Guilty   □ Guilty   □ Nolo |
| 12-16-87 | □ New Plea:   ☑ Admits suff. facts |
| | FINDING 77)   JUDGE _2074_ |

6804A008 01/27/89COST     50.87

| | |
|--|--|
| □ Cont. w/o finding until: | |
| □ Appeal of find. & disp.   □ Appeal of disp. | |

FINAL DISPOSITION
□ Discharged from probation
□ Dismissed at request of probation
DATE

COUNT-OFFENSE
**B.AFFRAY, COMMON LAW**

| | FINE | SURFINE | COSTS | TOTAL DUE |
|--|------|---------|-------|-----------|
| | | 25/W | 50 | |

IMPRISONMENT AND OTHER DISPOSITION

| DATE | PLEA |
|------|------|
| 5-18-87 | ☑ Not Guilty   □ Guilty   □ Nolo |
| 12-16-87 | □ New Plea:   ☑ Admits suff. facts |
| | FINDING 77)   JUDGE _2074_ |

6804A008 01/27/89COST     50.87
6804A008 01/27/89VWAF     25.00

| | |
|--|--|
| □ Cont. w/o finding until: | |
| □ Appeal of find. & disp.   □ Appeal of disp. | |

FINAL DISPOSITION
□ Discharged from probation
□ Dismissed at request of probation
DATE

COUNT-OFFENSE

| | FINE | SURFINE | COSTS | TOTAL DUE |
|--|------|---------|-------|-----------|

IMPRISONMENT AND OTHER DISPOSITION

| DATE | PLEA |
|------|------|
| | □ Not Guilty   □ Guilty   □ Nolo |
| | □ New Plea:   □ Admits suff. facts |
| | FINDING   JUDGE |

| | |
|--|--|
| □ Cont. w/o finding until: | |
| □ Appeal of find. & disp.   □ Appeal of disp. | |

FINAL DISPOSITION
□ Discharged from probation
□ Dismissed at request of probation
DATE

COUNT-OFFENSE

| | FINE | SURFINE | COSTS | TOTAL DUE |
|--|------|---------|-------|-----------|

IMPRISONMENT AND OTHER DISPOSITION

| DATE | PLEA |
|------|------|
| | □ Not Guilty   □ Guilty   □ Nolo |
| | □ New Plea:   □ Admits suff. facts |
| | FINDING   JUDGE |

| | |
|--|--|
| □ Cont. w/o finding until: | |
| □ Appeal of find. & disp.   □ Appeal of disp. | |

FINAL DISPOSITION
□ Discharged from probation
□ Dismissed at request of probation
DATE

| CONT TO | PURPOSE | CONT TO | PURPOSE | DATE | TAPE NO. | START | STOP |
|---------|---------|---------|---------|------|----------|-------|------|
| 7-23-87 | T | | | - ? | 603 | 350 | End |
| 10-9-87 | T | | | | | | |
| 12-16-87 | T | | | | | | |
| 1-20-88 | P77 | | C.A. | 1 | | | |

DC-CR1   □ SEE REVERSE SIDE FOR DOCKET ENTRIES OF MOTIONS, CASE NOTES AND OTHER ACTIONS.

COURT DIVISION
CHELSEA

ATTORNEY NAME
☐ Waived
☐ Retained
☑ Assigned   *Nunotius*

NAME, ADDRESS AND ZIP CODE OF DEFENDANT

William Santiago
C/O Jean's West
Assembly Square Mall
133 Middlesex Avenue
Somerville MA 02145

TERMS OF RELEASE

DEF. DOB AND SEX:   OFFENSE CODE(S)
605

DATE OF OFFENSE   PLACE OF OFFENSE
8/4/91   52 Hawthorne Street, Chelsea

COMPLAINANT   POLICE DEPARTMENT (if applicable)
Arlene Santiago   Chelsea

DATE OF COMPLAINT   RETURN DATE AND TIME
9/5/91 H.   10/4/91 8:30 A.M.

| DATE | PROCEEDINGS |
|------|-------------|
| OCT 26 1994 | ☑ Arraigned before J. EYH |
| | ☑ Advised of right to counsel |
| | ☐ Advised of right to drug exam |
| | ☐ Advised of right to bail review |
| | ☐ Advised of right to F.I. Jury Trial |
| | ☐ Waives   ☐ Requests F.I. Jury Trial |
| | ☐ Advised of alien rights |
| 10-4-91 | ☑ Warrant issued   ☑ Default warrant issued |
| OCT 26 1994 | ☑ Default removed   ☐ Warrant recalled |
| | ☐ Warrant issued   ☐ Default warrant issued |
| | ☐ Default removed   ☐ Warrant recalled |

COUNT-OFFENSE
A. ASSAULT AND BATTERY C265 S13A

| FINE | SURFINE | COSTS | TOTAL DUE |
|------|---------|-------|-----------|

| DATE OCT 26 1994 | PLEA ☐ Not Guilty ☐ Guilty ☐ Nolo | IMPRISONMENT AND OTHER DISPOSITION |
| | ☐ New Plea:   ☐ Admits suff. facts | |
| OCT 26 1994 | FINDING   JUDGE | NP filed c/o *Chong Reles* |
| | ☐ Cont. w/o finding until: | FINAL DISPOSITION   DATE |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | ☐ Discharged from probation |
| | | ☐ Dismissed at request of probation |

COUNT-OFFENSE

| FINE | SURFINE | COSTS | TOTAL DUE |
|------|---------|-------|-----------|

| DATE | PLEA ☐ Not Guilty ☐ Guilty ☐ Nolo | IMPRISONMENT AND OTHER DISPOSITION |
| | ☐ New Plea:   ☐ Admits suff. facts | |
| | FINDING   JUDGE | |
| | ☐ Cont. w/o finding until: | FINAL DISPOSITION   DATE |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | ☐ Discharged from probation |
| | | ☐ Dismissed at request of probation |

COUNT-OFFENSE

| FINE | SURFINE | COSTS | TOTAL DUE |
|------|---------|-------|-----------|

| DATE | PLEA ☐ Not Guilty ☐ Guilty ☐ Nolo | IMPRISONMENT AND OTHER DISPOSITION |
| | ☐ New Plea:   ☐ Admits suff. facts | |
| | FINDING   JUDGE | |
| | ☐ Cont. w/o finding until: | FINAL DISPOSITION   DATE |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | ☐ Discharged from probation |
| | | ☐ Dismissed at request of probation |

COUNT-OFFENSE

| FINE | SURFINE | COSTS | TOTAL DUE |
|------|---------|-------|-----------|

| DATE | PLEA ☐ Not Guilty ☐ Guilty ☐ Nolo | IMPRISONMENT AND OTHER DISPOSITION |
| | ☐ New Plea:   ☐ Admits suff. facts | |
| | FINDING   JUDGE | |
| | ☐ Cont. w/o finding until: | FINAL DISPOSITION   DATE |
| | ☐ Appeal of find. & disp.   ☐ Appeal of disp. | ☐ Discharged from probation |
| | | ☐ Dismissed at request of probation |

| CONT. TO | PURPOSE | CONT. TO | PURPOSE | DATE | TAPE NO. | START | STOP |
|----------|---------|----------|---------|------|----------|-------|------|
| 10-26-04 | HABE | | | NOV | 663 | 350 | End |
| 10-26-04 | | 11/1/1 | | | | | |
| 11-3-04 | HABE | | | | | | |

☐ SEE REVERSE SIDE FOR DOCKET ENTRIES OF MOTIONS, CASE NOTES AND OTHER ACTIONS.

| COURT DIVISION | DOCKET NUMBER 9114 CR 3709 | | TERMS OF RELEASE |
|---|---|---|---|
| CHELSEA | NAME, ADDRESS AND ZIP CODE OF DEFENDANT | ☐ Waived ☐ Retained ☐ Assigned | |

NAME, ADDRESS AND ZIP CODE OF DEFENDANT:
William Santiago
C/O Jean's West
Assembly Square Mall
133 Middlesex Avenue
Somerville MA 02145

| DATE | PROCEEDING |
|---|---|
| OCT 26 1994 | ☐ Arraigned before |

DEF. DOB AND SEX

OFFENSE CODE(S): 509,643

DATE OF OFFENSE 8/4/91
PLACE OF OFFENSE 52 Hawthorne St. Chelsea

COMPLAINANT Bruce D. Imbacuan
POLICE DEPARTMENT (if applicable) Chelsea

DATE OF COMPLAINT 9/5/91 H.
RETURN DATE AND TIME 10/4/91 8:30 A.M.

COUNT-OFFENSE
A. MAL. DESTRUCTION OF PROP. OVER $250 C266 S127

COUNT-OFFENSE
B. THREATENING TO COMMIT A CRIME C275 S2

| CONT. TO | PURPOSE | CONT. TO | PURPOSE |
|---|---|---|---|
| | | | |

| DATE | TAPE NO. | START | STOP |
|---|---|---|---|
| NOV-5 | 603 | 350 | 500 |

| WAIVER OF COUNSEL WAIVER OF INITIAL JURY TRIAL | DOCKET NUMBER | Trial Court of Massachusetts District Court Department |
|---|---|---|

**COURT DIVISION**

COMMONWEALTH VS.

_____
NAME OF DEFENDANT

## WAIVER OF COUNSEL

I, the above named defendant, have been informed of my right to have a lawyer represent me at every stage of the proceedings in this case, and that if I cannot afford to hire my own lawyer, this Court will assign the Committee for Public Counsel Services to provide representation for me. KNOWING THAT I HAVE A RIGHT TO HAVE A LAWYER REPRESENT ME, I NEVERTHELESS ELECT TO PROCEED IN THIS MATTER WITHOUT A LAWYER AND WAIVE MY RIGHT TO SUCH A LAWYER.

_____
DATE

_____
SIGNATURE OF DEFENDANT

_____
DATE

_____
SIGNATURE OF PARENT/GUARDIAN OF JUVENILE

## WAIVER OF RIGHT TO INITIAL JURY TRIAL

☐ Counsel Waived
☐ Represented by Counsel

I, the above named defendant, have been informed of my right to have a jury trial in the first instance. I understand this notice. I hereby waive my right to a jury trial in the first instance on the complaint(s) specified above.

I understand that after this waiver, I may immediately appeal for a new trial before a jury if I am found guilty either after a trial or upon my admission to sufficient facts to warrant a finding of guilty. I also understand that if I plead guilty, I will not have any right to a new trial.

_____
DATE

_____
SIGNATURE OF DEFENDANT

_____
DATE

_____
SIGNATURE OF PARENT/GUARDIAN OF JUVENILE

DC-CR-3 (8/86)

C.A. 7