UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

F I L E D
Clerk's Office
USDC, Mass.
Date /0-5-04
By _____
Deputy Clerk

WILLIAM SANTIAGO,

　　Petitioner,

v.

LOIS RUSSO, SUPERINTENDENT,

　　Respondent.

)
)
)
)
)
)
)   Civil Action No. 04-11863-EFH
)
)
)
)
)

## RESPONDENT'S MEMORANDUM OF LAW
## IN SUPPORT OF HER MOTION TO DISMISS

　　Respondent Lois Russo, in her capacity as Superintendent of the Souza-Baranowski Correctional Center (the "Respondent"), hereby submits this Memorandum of Law in support of her Motion to Dismiss (the "Motion").[1] The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition") filed by Petitioner William Santiago ("Santiago") is improper, because it is based on alleged errors concerning criminal dispositions for which the Petitioner is not currently incarcerated and was never sentenced, and it does not comply with the timing and exhaustion requirements applicable to habeas petitions.[2]

## BACKGROUND

　　The Respondent is currently serving a sentence for rape in the second degree at the Souza-Baranowski Correctional Center, a maximum-security facility in Shirley, Massachusetts

---

[1] Filed herewith is an Appendix containing documents relevant to the issue of whether the Petitioner previously exhausted state remedies, pursuant to this Court's Memorandum and Order of August 30, 2004. The offering of such documents does not imply that the Respondent considers the Petitioner to have exhausted state remedies. In fact, the Respondent takes a position to the contrary, as explained herein.

[2] Since the petition must be dismissed for the grounds stated herein, the Respondent does not address herein the merits of the Petition. Should this Court rule that the Petitioner may proceed with his habeas corpus action, the

that is operated by the Massachusetts Department of Correction. The Petition at issue, however, does not challenge his conviction for that offense.[3] Rather, the Petition alleges error concerning the following three state criminal cases: Case No. 8714-CR-2106, in which the Petitioner was charged with being a Disorderly Person and with Affray (the "1987 Case"); and Cases No. 9114-CR-3699, charging the Petitioner with Assault and Battery, and No. 9114-CR-3700, charging the Petitioner with Malicious Destruction of Property Under $250.00 and Threatening to Commit a Crime (together, the "1991 Cases"). See Exhibit A. The 1987 Case was dismissed on January 20, 1988, without a guilty finding having been entered, upon the Petitioner's admission to facts sufficient to support a guilty finding and payment of court costs and a victim-witness fee. See Commonwealth v. Santiago, 61 Mass. App. Ct. 1106, 808 N.E.2d 1257 (Table) (2004), a copy of which is attached hereto as Exhibit B. The charges in the 1991 Cases were placed on file without a change of plea on October 26, 2004. Id.

The Petitioner did not pursue any direct appeal of the dispositions in the 1987 Case or the 1991 Cases. Instead, on December 9, 2002, the Petitioner moved for a new trial pursuant to Mass. R. Crim. P. 30(b) and for an appointment of counsel. Id. These motions were denied by the Chelsea District Court of the Massachusetts Trial Court (Gailey, J.) on December 16, 2002. See Exhibit C. The court reasoned that the motion was not timely filed and that there was no basis to overcome the presumption of regularity in the conduct of the original proceedings. Id. The Petitioner appealed this decision to the Massachusetts Appeals Court on or about December 30, 2002. See Exhibit D. That court affirmed the District Court's rulings in a May 20, 2004 Memorandum and Order Pursuant to Rule 1:28. Santiago, 61 Mass. App. Ct. 1106 (2004).

---

Respondent respectfully requests the opportunity to file an answer and a proposed scheduling order for the parties to brief the merits of the Petition.

[3] The Petitioner has filed a separate habeas corpus petition challenging that offense. The number of that habeas case is 2003-11235-RCL.

Then, on June 6, 2004, the Petitioner filed an untimely application for further appellate review with the Supreme Judicial Court of Massachusetts, which affirmed the Appeals Court's decision on June 30, 2004. See Exhibit E. According to his Petition, the Petitioner did not seek certiorari in the United States Supreme Court. See Exhibit A. He has, however, filed a second motion for a new trial in the Chelsea District Court, on which he is awaiting a decision. Id.

The Petition at issue was filed in the United States District Court on August 24, 2004.

## ARGUMENT

### I. The Petition is based on dispositions that did not result in criminal sentences.

The Petition is improper because it seeks relief concerning cases that did not relate to his current incarceration or even result in criminal sentences. Section 2254 of Title 28 authorizes a federal court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. While the Petitioner is incarcerated pursuant to a state court judgment, he makes no claim that his current confinement is unlawful. Instead, he has taken advantage of the habeas corpus process available to prisoners in order to raise issues concerning criminal cases unrelated to his present incarceration. This is not a proper use of that process, which "require[es] that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." Maleng v. Cook, 490 U.S. 488, 490-91 (1989).

In fact, the dispositions being challenged by the Petitioner did not result in any criminal sentences or even convictions. As noted above, the 1987 Case was dismissed. The 1991 Cases were placed on file, a procedural device that does not constitute a judgment. See Commonwealth v. Bianco, 390 Mass. 254, 257, 454 N.E.2d 901, 905 (1983) (stating that placement on file of indictment after guilty verdict "is not a final judgment but is a mere

suspension of active proceedings" and affirming that "[d]ue process requires that in sentencing, a judge must not punish a defendant for conduct other than that for which he was convicted"); Commonwealth v. Delgado, 367 Mass. 432, 438, 326 N.E.2d 716, 719 (1975) (noting that sentencing, not placement of indictment on file, constitutes judgment).

Any claim that the habeas corpus process may be used to challenge the dispositions in the 1987 Case and the 1991 Cases on the grounds that those dispositions could lead to enhancement of the sentence currently being served must fail.[4] First, a petition does not properly allege that a petitioner has been unlawfully placed in custody where it attacks a disposition for which no sentence remains based solely on the possibility that it may be used to enhance another sentence. See Maleng, 490 U.S. at 491-94 (interpreting statutory "in custody" requirement and noting that such requirement is jurisdictional). Second, even a petitioner who challenges an enhanced sentence may not attack a prior disposition in the process if he would be foreclosed from attacking that disposition in its own right. As the United States Supreme Court has made clear:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies when they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Lackawanna County District Attorney v. Coss, 532 U.S. 394, 403-04 (2001) (citation omitted) (noting that "the challenged prior conviction must have adversely affected the sentence that is the subject of the habeas petition"). As established below, the challenged dispositions are no longer open to attack in their own right. They may not be attacked now on the theory that they may impact the Petitioner's current sentence.

---

[4] In any event, the Petitioner is not making such a claim here. See Petition ¶ 12. To the contrary, the Petitioner has filed a separate habeas petition challenging his current conviction. See supra note 1.

Accordingly, the habeas corpus process is not an available method for the Petitioner to seek relief concerning the 1987 Case or the 1991 Cases. Maleng, 490 U.S. at 490-91.

## II. **The Petitioner has not satisfied applicable timing and exhaustion requirements.**

In addition to the foregoing, the Petitioner has not satisfied the requirements that he timely file his Petition and first exhaust state remedies.

### A. Habeas corpus petitioners must timely file their petitions and first exhaust state remedies.

The timing provision in 28 U.S.C. § 2244 states as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d), <u>as amended by</u> the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. No. 104-132, 110 Stat. 1214 (effective April 24, 1996). In cases where the conviction at issue became final prior to AEDPA's effective date of April 24, 1996, courts have recognized a one-year grace period for those incarcerated to file habeas corpus petitions. <u>See, e.g.</u>, <u>Gaskins v. Duval</u>, 183 F.3d 8, 9 (1st Cir. 1999) (concluding that one-year grace period should be afforded where cause of action accrued before April 24, 1996). Petitions on behalf of such individuals thus needed to be filed by April 24, 1997. <u>See</u> <u>Rogers v. United States</u>, 180 F.3d 349, 355 & n.13 (1st Cir. 1999) (recognizing one-year grace period for motions pursuant to 28 U.S.C. § 2555 and concluding that period ended on April 24, 1997). The tolling provision contained in § 2244(d)(2) was likewise made applicable to this judicially crafted grace period. <u>See, e.g.</u>, <u>Gaskins</u>, 183 F.3d at 10 (noting trend of circuit and district courts in applying tolling provision to grace period); <u>Huenefeld v. Maloney</u>, 62 F. Supp. 2d 211, 218 (D. Mass. 1999) ("[T]he tolling provisions of § 2244(d)(2) do apply to the judge made grace period.").

AEDPA's exhaustion requirement provides as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

### B. The Petitioner's challenge to the disposition in the 1987 Case is untimely.

The Petitioner's challenge to the disposition in the 1987 Case is barred, because it was not timely filed. As the Massachusetts Appeals Court correctly observed, neither the finding of sufficient facts for a guilty verdict nor the order of dismissal in that case was appealable. Santiago, 61 Mass. App. Ct. 1106, 808 N.E.2d 1257 (citing Commonwealth v. Walsh, 43 Mass. App. Ct. 924, 924, 687 N.E.2d 1256, 1257 (1997), for proposition that finding of sufficient facts is not appealable order, and noting that defendant was not aggrieved by order of dismissal); see also Delgado, 367 Mass. at 438, 326 N.E.2d at 719 ("Absent exceptional circumstances, we do not consider appeals on assignment of error on indictments placed on file . . . ."). Thus, the disposition became final on January 20, 1988. Even with the court-created grace period, the Petitioner's deadline for filing his Petition was April 24, 1997, more than seven years before the Petition was actually filed.

The fact that the Petitioner sought collateral review several years later does not alter this result. The tolling provisions contained in 28 U.S.C. § 2244(d)(2) do not enable a petitioner to restart and then toll a one-year limitation period after it has already expired. See, e.g., Delaney v. Matesanz, 264 F.3d 7, 11 (1st Cir. 2001) (concluding that AEDPA's limitations period not tolled by new trial motion because, by the time it was filed, the one-year period had already expired); Dunker v. Bissonnette, 154 F. Supp. 2d 95, 103 (D. Mass. 2001) (stating that state-court motion filed after AEDPA's limitation period expired does not "revive" statute of limitations). Thus, the Petitioner's filing of his Petition on August 24, 2004 remains well beyond any deadline afforded to him.

### B. The Petitioner's challenge to the disposition of the 1991 Cases fails to satisfy exhaustion and timing requirements.

The Petitioner failed to satisfy the statutory exhaustion requirement in challenging the placement on file of the charges in the 1991 Cases. "It has long been the practice in this Commonwealth that a judge, after a plea of guilty or a conviction may order that the indictment be placed on file . . . [provided that the defendant] consent to the filing." Delgado, 367 Mass. at 437, 326 N.E.2d at 719. Where an individual in the Petitioner's situation desires to have the case finally disposed of, the proper approach is for him to request sentencing and an entry of judgment from the court. See id. at 438, 326 N.E.2d at 719 ("Should a defendant wish to have the case finally disposed of and judgment entered, he may demand that he either be sentenced or discharged."); Commonwealth v. Sasu, 404 Mass. 596, 598, 536 N.E.2d 603, 604 (1989) ("If a defendant wishes to appeal alleged error in a criminal proceeding, then, a demand for sentencing must be made so that a final disposition is reached."); Marks v. Wentworth, 199 Mass. 44, 44-46, 85 N.E. 81, 81-82 (1908) (ruling on petition for writ of mandamus to bring forward criminal case for imposition of sentence or other final disposition). As the Petitioner has yet to seek a judgment, much less directly appeal from it, he certainly cannot be found to have exhausted state remedies.

Even if the dispositions in the 1991 Cases could somehow be considered final judgments, the Petitioner would be time-barred from challenging them through his Petition. As with his challenge to the disposition in the 1987 Case, the court-created grace period would have only served to extend his deadline for petitioning for habeas corpus to April 24, 1997, years before his eventual filing.

Dismissal of the Petition at issue is warranted in light of its lack of timeliness, see, e.g., Voravongsa v. Wall, 339 F.3d 1, 8 (2003) (affirming dismissal of petition that was not timely filed), and the Petitioner's failure to exhaust state remedies, see, e.g., Rose v. Lundy, 455 U.S.

509, 510 (1982) (affirming that statutory scheme requires dismissal of petition containing nonexhausted claims).

## CONCLUSION

For the foregoing reasons, the Motion should be allowed, and the Petition should be dismissed with prejudice in its entirety.

Respectfully submitted,
THOMAS F. REILLY
Attorney General

Randall E. Ravitz (BBO # 643381)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2852

Dated: October 5, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on William Santiago, *pro se*, S.B.C.C., P.O. Box 8000, Shirley, MA 01464, by first class mail, postage prepaid, on October 5, 2004.

Randall E. Ravitz