**EXHIBIT B**

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

03-P-1147

COMMONWEALTH

vs.

WILLIAM SANTIAGO.

MEMORANDUM AND ORDER PURSUANT TO RULE 1:28

This is an appeal from the denial of the defendant's motions for a new trial and for appointment of counsel, both filed in connection with three old cases: 8714-CR-2106 (disorderly person and affray); 9114-CR-3699 (assault and battery); and 9111-CR-3700 (malicious destruction of property over $250 and threatening to commit a crime). We affirm, substantially for the reasons set forth in the Commonwealth's memorandum in lieu of brief.

In the 1987 case, the defendant admitted to sufficient facts, and the matter was dismissed on payment of court costs and a victim-witness fee on January 20, 1988. The charges in the 1991 cases were placed on file without a change of plea on October 26, 1994.

On December 9, 2002, the defendant filed a motion for new trial and supporting affidavit, together with a motion for appointment of counsel. A judge denied the defendant's motion for new trial and ruled that, in light of the denial of the new trial motion, his motion for appointment of counsel was moot. There was no error, and no abuse of discretion.

The charges in the 1987 case were dismissed without a guilty finding ever having entered. A finding of sufficient facts is not an appealable order. See Commonwealth v. Walsh, 43 Mass. App. Ct. 924 (1997). Although an order of dismissal is appealable, it is not the order appealed from, nor is the defendant aggrieved thereby. The dismissal of the charges also renders moot any defects in the underlying proceedings. See Burns v. Commonwealth, 430 Mass. 444, 447 (1999).

The charges in the 1991 cases were placed on file without a change of plea. Preliminarily, we observe that where a complaint is filed with the defendant's consent, the disposition is not appealable. See Commonwealth v. Sasu, 404 Mass. 596, 598 (1989). The defendant's affidavit in support of his new trial motion makes no claim that the charges were filed without his consent or that it was error to do so. Moreover, the defendant has failed to submit evidence sufficient to rebut the presumption of regularity accorded to these proceedings. See Commonwealth v. Lopez, 426 Mass. 657, 661-665 (1998); Commonwealth v. Grant, 426 Mass. 667, 671 (1998). Finally, the defendant has made no showing that he is entitled to the extraordinary relief that he seeks at this juncture.

On this record, the judge did not abuse his discretion in refusing to appoint counsel for the defendant to pursue his new trial motion. See Commonwealth v. Conceicao, 388 Mass. 255, 263

(1983) (decision to appoint counsel for defendant on new trial motion is within judge's discretion).

        <u>Order denying motion for new trial affirmed</u>.

        <u>Order denying motion for appointment of counsel affirmed</u>.

        By the Court (Cypher, Grasso & Kafker, JJ.),

        *[signature]*
        · Clerk

Entered: May 20, 2004.

3